## JOSEPH W. ARNOLD
### *v.*
## JAMES CROWDER.

1. FIXTURES—*what passes as realty between mortgagor and mortgagee.* Platform scales, fastened to sills laid upon a brick wall, set in the ground, for weighing stock and grain, and intended for permanent use, as between mortgagor and mortgagee, are to be regarded as fixtures belonging to the realty, and will pass to the purchaser, under a decree of foreclosure, unless reserved in the mortgage.

2. It is in the power of the owner of the inheritance to affix any property to it he pleases, and when he does so, it becomes a fixture, in the general sense of that term, and part of the freehold; and if the inheritance be afterwards sold or mortgaged, the fixture goes with the freehold, and it will also descend to the heir at law.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Mr. N. M. BROADWELL, for the appellant.

Messrs. JOHN M. & JOHN MAYO PALMER, and Mr. WILLIAM PRESCOTT, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was case in trover, in the Sangamon circuit court, which resulted in a verdict and judgment for the plaintiff. The case was this: The plaintiff, Crowder, in 1870, was the owner of a certain farm in Sangamon county, on a part of which he put up platform or stock scales, in the following manner: He excavated a space ten by twelve feet, and about two feet deep; the sides of the excavation were walled with brick, set in mortar, and upon this wall timbers, six by eight inches, were framed together and laid on this wall, as on the sills of a house. To these timbers or sills, so laid on these walls, the irons of the scales were bolted and fastened, and a wooden platform placed on the top of these irons and fastened to them by bolts, the platform being so constructed that it fits and moves up and down inside of the timbers or sills; and on the outer edge of the platform was a railing, one side of which fitted into and stood in place of a fence, inclosing the ground on which the scales stand.

The premises and farm, with this appurtenance thereon, were, in 1871, conveyed to the defendant, by mortgage deed, to secure the payment of a note for $6000. Proceedings were instituted in the Sangamon circuit court to foreclose this mortgage, wherein a decree passed finding the debt due to be $6,970, and ordering a sale of the premises on foreclosure of the mortgage. A sale was made and the mortgagee became the purchaser; and after the time of redemption expired he received the usual deed therefor, October 3, 1874, and at once entered into possession of the farm. He found the key to the box or case enclosing the scale-beam and weights in the house, where it had been left by the prior occupant.

The plaintiff demanded the scales of defendant, which being refused, this action of trover was brought to the May term,

1875, of the circuit court. The cause was tried by the court without a jury, and there was a finding and judgment for the plaintiff. The defendant appeals.

The question is, were these scales, as between the mortgagor and mortgagee, a part of the realty? Was it a question between the landlord and tenant, who had erected these scales for his own profit and convenience, they might be regarded as personalty, which the tenant could remove at the expiration of his term. There can be no question the scales were annexed to the freehold. The matter of annexation is a relative question, which must receive a different answer as the parties differ in each case that arises. Much depends on the intention with which the structure is made.

In *Holland* v. *Hodgson*, L. R. 7, C. P. 328, it was said by Mr. Justice Blackburn, that the general maxim of the law is, that what is annexed to the land becomes a part of the land, but it is not always easy to say what constitutes an annexation sufficient for such purpose. Perhaps the true rule is, that articles not otherwise attached to the land than by their own weight, are not to be considered as part of the land, unless the circumstances are such as to show that they were intended to be part of the land, the *onus* of showing they were so intended lying on those who assert that they have ceased to be chattels; and that, on the contrary, an article which is affixed to the land, even slightly, is to be considered as part of the land, unless the circumstances are such as to show that the article was intended all along to continue a chattel, the *onus* similarly lying on those who contend that it is a chattel. Intention is manifested by acts. The scales were erected on this farm in a permanent manner, and were designed as a source of profit by the then owner, the mortgagor. He testified he erected it, not only for his own use, but for the use of others, who would pay him the customary charges. And may it not be said, such a structure, if not indispensable, is quite necessary on a farm worth more than six thousand dollars, situate in the rich county of Sangamon, highly productive of the grasses and grains necessary for stock of all kinds, and where there is much com-

merce in these articles. Certainly a farm, in such a county, with scales, is worth more than one without. But be that as it may, these scales were fixed to the soil when the land was conveyed by the mortgagor, the plaintiff in this action, to the defendant, the mortgagee. We find no right or authority remaining in the mortgagor to repossess himself of the property. He fixed it to the soil, so far as the evidence shows, for a permanent purpose, as he might never have been deprived of the ownership of the premises. In the mortgage he executed, no reservation was made of any fixtures then upon the land. It is in the power of the owner of the inheritance to affix any property to it he pleases, and when he does so, it becomes a fixture, in the general sense of that term, and part of the freehold, and if the inheritance be afterwards sold, or mortgaged, or let, the fixture goes with the freehold. There can be no doubt it would go to the heir, and not to the executor. *Goddard* v. *Chase*, 7 Mass. 432. A mortgage, therefore, made by the owner of the inheritance, will, without naming them, pass all the fixtures thereon. *Ex parte Belcher in Bankruptcy*, 4 D. and Ch. 703; opinion by ERSKINE, C. J.

In a valuable treatise on the "Law of Fixtures," by Archibald Brown, of the Middle Temple, and also author of "Brown's Law Dictionary," several cases are cited, in conformity with the views here expressed. One is *Mather* v. *Fraser*, 4 W. R. 387, 2 K. & T. 536, where it was said that the mortgage of land and premises carried with it all the articles let into the soil, or fixed to the freehold, whether by screws, solder, or any other permanent means, and that it made no difference that the purpose to which the land in question was applied, was trade or manufactures, and not agriculture.

In *Walmsley* v. *Milne*, 7 C. B. (N. S.) 115, a hay-cutter affixed to a stable as an adjunct thereto, and to improve its usefulness as a stable, was held to pass as realty with the mortgage. So, a threshing machine, in *Wiltshear* v. *Cottrell*, 1 E. and B. 674.

In 1 Washburn on Real Property, p. 15, the doctrine is said to be, if the owner of land, provides anything of a permanent

nature, fitted for, and actually applied to use upon the premises, by annexing the same, it becomes a part of the realty, and passes to the purchaser, though it might be removed without injury to the premises; and this, as between mortgagor and mortgagee, whether the article in question be annexed to the premises before or after making the mortgage. Numerous cases are referred to in support of the text, and we do not doubt the correctness of the doctrine. As between landlord and tenant it might be different.

In *Farris* v. *Walker*, 1 Bailey (S. C.) 540, the plaintiff sold and conveyed his plantation to the defendant; cotton was grown on it and a cotton-gin was in the gin-house, on the premises, attached to the gear; the plaintiff brought trover for the gin, but the court decided it was a fixture, and passed with the freehold. The court said, the rule on the subject, as between the heir and executor, or between vendor and vendee, is more rigorous than between landlord and tenant, or the executor of a tenant for life and the remainder-man. In relation to the former, all things which are necessary to the full and free enjoyment of the freehold, and which are *in any way* attached to it, are held to be fixtures, and pass with it. The same doctrine is affirmed in *McMenna* v. *Hammond*, 2 Hill (S. C.) 331, and by the Supreme Court of Alabama, *Bratton* v. *Clawson*, 2 Stewart, 478, and in Tennessee, *Degraffenreid* v. *Scruggs*, 4 Humph. 451.

On this point, *Bliss* v. *Whiting*, 9 Allen, 114, is cited, where it was held such platform scales as those in controversy, were a part of the realty.

In *Bishop* v. *Bishop*, 11 N. Y. 123, hop-poles piled on the ground, passed with the land.

In *Weston* v. *Weston*, 102 Mass. 514, a bell hung upon a frame, and fastened to it by a hasp, the frame being nailed to the cupola of a barn, was held a fixture, and passed by a conveyance of the land.

This court said, in *Smith* v. *Moore*, 26 Ill. 392, that annexations, when made by the owner, must be presumed to be

made with the design of their permanent enjoyment in connexion with the land, and as accessory to it.

Without discussing the question further, we are satisfied these scales were a part of the realty, and passed under the mortgage.

The judgment of the circuit court is reversed.

*Judgment reversed.*