## H. W. DORR

### *v.*

### LEWIS DUDDERAR.

88    107
a188 ¹ 30

1. MORTGAGE—*removal of building.* A mortgagor, while he has the right to use the mortgaged premises, has none to commit waste, or to remove buildings therefrom, or to do any other act impairing the security, and the removal of a house from the premises may be enjoined in equity.

2. SAME—*right of mortgagee to replevy house taken from mortgaged premises.* Where a house has been severed from mortgaged premises without the consent of the mortgagee, he may maintain replevin at any time before it becomes attached to and forms a part of other realty, and if the building is afterwards severed from the realty before his mortgage is satisfied or discharged, he may regain it by the action of replevin.

3. SAME—*mortgagee's right to damage for waste.* Where a mortgagor in possession procures the removal of a building from the premises, without the consent or knowledge of the mortgagee, it seems that the person removing the same with a knowledge of the existence of the mortgage, as well as the mortgagor, is legally responsible in damages to the mortgagee.

4. REPLEVIN—*of house attached to realty.* Where a house is wrongfully removed from mortgaged premises, it may be that replevin will not lie, in favor of the mortgagee, for it, after it has been permanently attached to other real estate, but not because the mortgagee has lost his title, or his right to recover damage for its removal, but for the sole reason that replevin is not the proper remedy to recover real property.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. J. W. LANGLEY, for the plaintiff in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This case was tried upon an agreed state of facts, from which it appears that on the 11th day of August, 1873, Louisiana Nunn owned a house and lot in the city of Champaign, known as lot A, which she mortgaged to the plaintiff to secure the payment of $200. Subsequently she purchased lot B, and employed the defendant, who was a house mover, to move the house from lot A to lot B. After the house was moved and

repaired, Miss Nunn occupied it for about two years and six months, when, on the 11th day of March, 1876, she conveyed lot B to one Trevett. Soon thereafter Trevett sold the house to defendant, who detached it from the lot and was moving it to a lot he owned, when the plaintiff, whose mortgage was unpaid, replevied the house. It also appears, that the plaintiff resided in Kentucky, and had no knowledge that the house had been moved from lot A to lot B, until a long time after it became attached to lot B. The right of the plaintiff to have replevied the house, under his mortgage, while it was being moved from lot A to lot B, is not questioned or denied, but it is contended, on behalf of defendant, that when the house became attached to lot B, it could not be taken, as it became a part and parcel of the lot. Whether that position is correct or not, it will not be necessary here to determine, as the facts of this case do not raise that question. No effort was made by the plaintiff to recover the house while it was a part of and attached to lot B, but the action was brought after the house had been severed from the lot, and while it was being removed. Under the mortgage given to the plaintiff, it is clear the legal title to lot A, including the house in question, passed to him. The mortgagor had the right to use the premises, but no right whatever to commit waste or remove buildings, or do any other act which would impair the security of the mortgagee. Had the aid of a court of equity been invoked before the building was removed, its removal might have been enjoined; and after the building had been severed, an action of replevin might have been maintained at any time before the building became attached to, and formed a portion of, another lot. *Matzon* v. *Griffin*, 78 Ill. 477; *Salter* v. *Sample*, 71 id. 430.

It may be true, that while the house was permanently attached to lot B, replevin would not lie to recover it, but this was not because the plaintiff had lost his title to the property, or his right to recover damages for its removal, but for the sole reason that replevin was not the proper remedy to recover real property; and as the house, so long as it remained attached to

the lot, was real estate, this remedy could not be resorted to. But when the house was severed from lot B, it was no longer a parcel of that lot; its character as real property had ceased to exist. The plaintiff's mortgage had not been paid, nor had his title to the house been extinguished; it therefore follows that he had the undoubted right to regain his property by an action of replevin. This record fails to show any equities in defendant's favor. When he removed the house in the first instance, he did an unlawful act, and he is in no position to claim protection, in buying the house, as an innocent purchaser. The removal of the house from lot A to lot B was a fraud upon the rights of the plaintiff; and while the defendant was employed by the mortgagor to do the act, and upon this account, perhaps, was not morally responsible for the removal, yet, legally, he was responsible, and he stands in no position to claim that he has purchased in good faith, and ought on that account to be protected.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*