## M. C. O'Kane and John F. Eagan v. West End Dry Goods Store.

1. Injunctions—*Issuing of, Without Notice, as Cause of Complaint on Appeal.*—That an injunction was issued without notice, and without any sufficient showing to avoid notice, can not be complained of on appeal, where, after the writ was issued, and prior to the appeal, there was a hearing on the merits, on a motion to dissolve.

2. Same—*Allegations of Fraud in Bills to Restrain the Use of a Name.*—Allegations of fraudulent acts and intent, on the part of defendant, in a bill to restrain the use of the name of a business house, are sufficient to sustain the bill.

Bill, to enjoin the use of a name. Appeal from the Superior Court of Cook County; the Hon. Henry V. Freeman, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed July 26, 1897.

Hamlin, Holland & Boyden, D. M. Rothschild, and Blum & Blum, attorneys for appellants.

An injunction should not be granted without notice unless it is made to appear that complainant would be put in a worse position by giving notice. Becker v. Defebaugh, 66 Ill. App. 504; Brough v. Schanzenbach, 59 Ill. App. 407; King v. Pardridge, 60 Ill. App. 475; Hovnanian v. Bedessern, 63 Ill. App. 353; Nusbaum v. Locke, 53 Ill. App. 242.

A generic name, or one merely descriptive of the article made or sold, or its qualities, ingredients or characteristics, and which may be used truthfully by other makers or dealers, is not entitled to protection as a trade-name or trademark. Bolander. v. Peterson, 136 Ill. 215.

No one can apply a name of a district or country to a well-known article of commerce and obtain thereby such an exclusive right to the application as to prevent others inhabiting the district or dealing in similar articles coming from the district from using the same designation. Elgin Butter Co. v. Elgin Creamery Co., 155 Ill. 127.

JULIAN W. MACK, attorney for appellee.

The rights here claimed are not only the protection of a trade-name but also protection against the unfair competition of defendants. The bill distinctly alleges that the defendants are representing their business to be a part of the business of the complainant. This in itself, entirely independent of any question of trade-mark or trade-name, is such a fraudulent competition that a court of equity will not hesitate for a moment to enjoin it under the circumstances stated in the bill and affidavit.

The rule of law which denies protection to a geographical name is subject to this limitation: that if the name has acquired a secondary meaning indicating in the case of a trade-mark that the goods are manufactured by a certain person, or in the case of a trade-name, that the business belongs to a certain person or corporation, then the protection will be granted. The bill in this case alleges that the name claimed has acquired such secondary meaning in association with the business of complainant.

A few out of many cases that could be cited are respectfully submitted, in each of which a geographical name, having acquired this secondary meaning, was protected: (Shrewsberry Patent Thread) Marshall v. Ross, L. R. 8 Eq. 650; (London Conveyance Co.) Knott v. Morgan, 2 Keen, 213; (Carlsbad Sprudel Salz) City of Carlsbad v. Kutnow, 18 C. C. A. 24; (Willoughby Lake Stones) Cleveland Stone Co. v. Wallace, 52 Fed. Rep. 431; (Glenfield Starch) Wotherspoon v. Currie, 42 L. J. Ch. 130; (Stone Ale) Montgomery v. Thompson, 64 L. T. R. 349; (Yankee Soap) Williams v. Adams, 8 Biss. 452; (Lexington Mustard) Metcalfe v. Brand,

O'Kane v. West End Dry Goods Store.

5 S. W. 773; (Portland Stoves) Van Horn v. Coogan, 28 Atl. 788; (Canadian Club Whisky) Walker & Son v. Mikolas, 79 Fed. Rep. 955; (Akron Dental Rubber) Kellar v. Goodrich, 117 Ind. 556; 19 N. W. 196.

Mr. Justice Sears delivered the opinion of the Court.

This is an appeal from an interlocutory order granting an injunction.

The injunction was issued without notice, and without any sufficient showing to avoid notice. But this can not be availed of by appellants now, for since the writ was issued, and prior to this appeal, there has been, as shown by the record, a hearing of the merits of the order, upon a motion to dissolve, in which appellants appeared and were heard. In Brown v. Luehrs, 79 Ill. 575, it is said:

"It is objected that the preliminary injunction should not have been granted without notice to appellants. Admitting this, we do not perceive how advantage is to be taken of it in the way of reversing a decree on final hearing, making the injunction perpetual, where the proof justifies a decree for an injunction." High on Inj., Secs. 1580 and 1615.

The same reasoning applies to the case here, viz., that after the order has been determined to be proper upon a hearing, participated in by both parties, it is too late to raise questions as to this informality in the original issuing of it.

It is urged by appellants that the bill is insufficient in its averments to entitle complainants to an injunction.

The bill prays for no other relief.

Without discussing the question of proprietary rights to the name in controversy, it is enough to say that the allegations of fraudulent acts and intent on the part of defendants is sufficient to sustain the bill. Merchants Detective Ass'n v. Detective Mercantile Agency, 25 Ill. App. 259, and cases therein cited. The order is affirmed.