## LUCAS R. WILLIAMS

*v.*

## THE CHICAGO EXHIBITION COMPANY *et al.*

*Opinion filed October 19, 1900—Rehearing denied December 7, 1900.*

1. PRACTICE—*effect of dissolution of temporary injunction on motion.* A motion to dissolve a temporary injunction for want of equity has the same effect as a demurrer to the bill, so far as the injunction is concerned; and if the only relief sought is the injunction, the complainant, upon the dissolution of the injunction, may move to dismiss the bill, and appeal or take out a writ of error.

2. PARTIES—*assignee of foreclosure decree may maintain bill to enjoin waste.* The assignee of a foreclosure decree occupies the same position as the original mortgagee, and hence may maintain a bill to enjoin the commission of waste by the mortgagor.

3. LIS PENDENS—*rights acquired from mortgagor after appearance in foreclosure suit are pendente lite.* Rights acquired under a lease or contract with the mortgagor, relating to the erection of buildings upon the mortgaged premises, entered into after the mortgagor's appearance in a suit to foreclose the mortgage, are *pendente lite.*

4. MORTGAGES—*a mortgage covers fixtures attached to the premises.* Buildings and fixtures placed upon mortgaged premises cannot be regarded otherwise than as permanently annexed to the freehold and as enhancing the value of the property, and hence will inure to the benefit of the mortgagee.

5. INJUNCTION—*bill will lie to restrain mortgagor from removing fixtures.* A mortgagee may maintain a bill in equity against the mortgagor to enjoin the commission of waste by the removal of fixtures attached to the mortgaged premises, as such removal may result in impairing the security.

6. SAME—*bill to enjoin commission of waste need not allege insolvency.* Inasmuch as the removal of a building or other improvement permanently attached to the freehold is *per se* an injury to the freehold, the removal thereof will be regarded as waste, and a court of equity will restrain the same whether the mortgagor is solvent or insolvent.

7. PLEADING—*when allegations as to impairment of security are sufficient.* A bill to enjoin the removal of buildings from mortgaged premises sufficiently alleges that the security will be so impaired as to be inadequate, which avers that "the security of the complainant will be impaired and  *  *  *  the complainant irreparably injured and his interests unduly prejudiced."

*Williams* v. *Chicago Exhibition Co.* 86 Ill. App. 167, reversed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

This is a bill in chancery, filed on November 21, 1898, by the plaintiff in error as assignee of Elizabeth Lawrence, mortgagee, against the defendants in error, the Chicago Exhibition Company and F. C. Austin Manufacturing Company for the purpose of restraining them from removing certain buildings and improvements from the mortgaged premises. The bill is verified by the affidavit of the plaintiff therein, who swears that the allegations of the bill are, of his own knowledge, true in substance and in fact. Upon the same day, after giving a bond required by the order of the circuit court, a temporary injunction was issued, restraining defendants in error from removing, or causing to be removed, the building, chimney, machinery and appendages described in the bill. On November 23, 1898, the defendant in error, F. C. Austin Manufacturing Company, made its motion to dissolve the injunction upon the face of the bill, and, upon a hearing of the same, the court upon the same day dissolved the injunction, and granted leave to said manufacturing company to file its suggestion of damages. Thereupon the complainant below, the plaintiff in error here, asked leave to dismiss his bill of complaint, which was done at his costs. The plaintiff in error then prosecuted a writ of error from the Appellate Court, and the Appellate Court entered a judgment affirming the decree of the circuit court. The present writ of error is sued out from this court for the purpose of reviewing the judgment of the Appellate Court so affirming the decree of the circuit court.

The bill alleges that, on May 1, 1893, Gay Dorn executed to the Chicago Title and Trust Company a deed of trust, conveying to said company, as trustee, lot 3 in

block 1, and lots 1, 2 and the north thirty feet of lot 3 in block 4 in Park View subdivision in Cook county, for the purpose of securing a note for $5000.00, payable three years after date, with interest at seven per cent per annum, payable semi-annually, to the order of Elizabeth Lawrence, which trust deed was recorded, and contained the usual provisions in regard to default and foreclosure; that, default having been made in the payment of interest, Elizabeth Lawrence on February 27, 1895, jointly with said trustee, filed a bill to foreclose said trust deed; that, after the filing of said bill, there was paid on account of the principal indebtedness $3000.00, and thereupon, by agreement between Lawrence and Dorn, the latter being the owner of the equity of redemption in the property, the trustee released lot 3 in block 1 in said subdivision without prejudice to the lien of the same upon the other property described in the trust deed; that, on or about March 13, 1897, a decree was entered in the foreclosure proceeding, finding $2312.10 to be due to Elizabeth Lawrence for principal and interest, and also the sum of $150.00 for her solicitors' fees, and decreeing that, unless said sums and costs of suit should be paid within a short day, the master in chancery should sell lots 1 and 2 and the north thirty feet of lot 3 in block 4 in said subdivision; that Gay Dorn took an appeal from said decree to the Appellate Court, where the decree was affirmed; that from such judgment of affirmance by the Appellate Court Dorn took an appeal to the Supreme Court of this State; that, on November 19, 1898, Gay Dorn and Elizabeth Lawrence made an agreement that the appeal then pending in the Supreme Court should be dismissed without costs, which was accordingly done; that, on the same day, Elizabeth Lawrence, by written instrument, assigned to the plaintiff in error, Lucas R. Williams, all her right and interest in said decree of foreclosure, and in the premises therein described, and by express terms vested in plaintiff in error all the rights and remedies existing

in her favor at law or in equity for the protection and enforcement of the rights so conveyed to him; that Gay Dorn and wife for a valuable consideration entered into an agreement with plaintiff in error, waiving and releasing all errors, if any, which might have intervened in said foreclosure proceeding, either in the circuit court or the Appellate Court, and waiving their right to sue out any writ of error to review said decree, and giving to said Williams the right to enforce said decree.

The bill then charges that, after the recording of said trust deed and the beginning of the proceeding to foreclose the same, and after Gay Dorn and wife had entered their appearance in the foreclosure suit, Dorn being the owner of the equity of redemption in the premises, the Chicago Exhibition Company, one of the defendants in error, erected and constructed upon lots 1, 2 and the north thirty feet of lot 3 in block 4 in said subdivision a certain building and structure with appurtenances, known as a boiler-house and heating plant, to be used in connection with a certain structure then occupied by said company, known as the "Coliseum;" that said boiler-house was constructed of brick upon a foundation composed of stone and cement and imbedded in mortar, extending below the surface of said lots twelve feet; that said boiler-house had a frontage of about fifty feet, a depth of about forty-five feet, and a height of about thirty feet, the greater portion standing on said lot 2; that said boiler-house contained, as part of said heating plant, four boilers with six fire-boxes located beneath the same, which are permanently and substantially attached to the freehold, encased in brick and cement, and firmly bound to a stone foundation; that erected as a part of said boiler-house, and connected therewith, is a chimney or stack, built of brick and cement, of the diameter at the base of twelve feet, erected upon a massive foundation composed of iron beams, stone and cement, extending to a depth of about eighteen feet below the surface of the ground, and rising

to a height of about one hundred and eighty feet from
the surface; that said boiler-house contained furnaces,
casings, doors, flues, pumps, pipes, condensers and other
machineries and equipments, all of which were a part of
said building and heating plant and used in connection
with the same.

The bill then alleges, that said Chicago Exhibition
Company claims to own said building, chimney, boilers,
fire-boxes and other machinery above mentioned, and the
right to remove the same under and by virtue of some
pretended lease or contract with Gay Dorn, the nature
of which is unknown to complainant; that said lease or
contract, if any, was made without the knowledge, con-
sent, acquiescence or ratification of said Elizabeth Law-
rence, or the plaintiff in error, and was made, if at all,
subsequent to the filing of the appearance of Gay Dorn
and wife in said foreclosure proceeding, and is subject
to the rights of the complainant under said decree; that
the defendant in error, the F. C. Austin Manufacturing
Company, claims to have some interest in said building,
chimney, boilers and machinery, the precise nature of
which is unknown to the plaintiff in error, and, together
with said exhibition company, are asserting their right
to remove said building, chimney, boilers and machinery,
and are threatening to remove the same, and will remove
the same, or cause the same to be removed, unless en-
joined by the order and decree of the court; "that, if
the same are removed as aforesaid, the security of the
complainant will be impaired, and the amount the same
will bring at foreclosure sale largely decreased, and the
complainant irreparably injured;" and that, unless said
injunction shall issue immediately and without notice,
irreparable injury will be done to the rights and interests
of the complainant and his interests unduly prejudiced.

The bill prays that the defendants thereto may be
required to answer the same, and that they and their
officers, attorneys and agents may be enjoined "from re-

moving or causing to be removed or displaced the said building, chimney, boilers and machinery as aforesaid;" that an injunction issue immediately upon the filing of said bill, and without notice to defendants, upon complainant giving bond as required by law, and that upon final hearing said injunction may be made perpetual.

The final decree recites that: "The cause coming on to be heard on motion of solicitors for the defendant, F. C. Austin Manufacturing Company, to dissolve the injunction heretofore granted herein upon the face of the bill, and it appearing to the court, after argument, that the motion of said defendant should be sustained; it is therefore ordered, adjudged and decreed that the injunction, heretofore issued in this case, be, and the same is hereby dissolved and declared of no effect; it is further ordered that said defendant be given leave to file its suggestion of damages within five days, and the hearing of said suggestion of damages is reserved for future hearing; and it is further ordered, upon motion of the complainant, that the bill of complaint be dismissed at the complainant's costs, and that said cause is retained specially and only for the purpose of hearing and disposing of said suggestion of damages."

A. Morris Johnson, for plaintiff in error:

Where the bill seeks no other relief than an injunction, a complainant, upon dissolution of a temporary injunction, may have his bill dismissed on motion and bring up the question of the propriety of the order of dissolution either by an appeal or on a writ of error. *Brown* v. *Brick Manf. Co.* 54 Ill. App. 647; *Cors* v. *Tompkins,* 46 id. 322; *Clabby* v. *Sheldon,* 47 id. 166.

A motion to dissolve an injunction upon the face of the bill is a waiver of any irregularity in the original issuance of the injunction. High on Injunctions, secs. 1580, 1615; *Brown* v. *Luehrs,* 79 Ill. 575; *O'Kane* v. *West End Dry Goods Store,* 72 Ill. App. 299.

The assignee of a judgment or of a decree succeeds to all the rights of his assignor. *Yarnell* v. *Brown*, 170 Ill. 362; *Bank* v. *Taylor*, 131 id. 376.

. The appropriate remedy for a mortgagee against a mortgagor in possession who is impairing the security by committing waste is by a bill in chancery for an injunction; and it is not necessary to allege or prove the mortgagor's insolvency, nor is it generally necessary to prove that the injury threatened is literally irreparable. It is sufficient if there be no adequate remedy by an action for damages. 28 Am. & Eng. Ency. of Law, 933.

. Fixtures are embraced in a mortgage, and a bill may be properly filed by the mortgagee for an injunction to prevent the commission of waste by their removal. *Robinson* v. *Preswick*, 3 Edw. Ch. 236.

The buildings erected and fixtures placed on mortgaged premises by the mortgagor must be regarded as permanently annexed to the freehold. They go to enhance the value of the estate, and will therefore inure to the benefit of the mortgagee. *Hunt* v. *Hunt*, 14 Pick. 374; *Butler* v. *Page*, 7 Metc. 740; *Graeme* v. *Cullin*, 23 Gratt. 266; *Baird* v. *Jackson*, 98 Ill. 78; *Wood* v. *Whelan*, 93 id. 153; *Arnold* v. *Crowder*, 81 id. 56; *Roberts* v. *Bank*, 19 Pa. St. 71.

PAM, CALHOUN & GLENNON, for defendant in error the Austin Manufacturing Company:

The injunction was properly dissolved because it was issued without notice, and having been properly dissolved upon that ground, the order dissolving it was not, in any sense, a final decree. 2 Starr & Curt. Stat. p. 2142, par. 3; *Brough* v. *Schanzenbach*, 59 Ill. App. 407; *Becker* v. *Defebaugh*, 66 id. 504.

Before a mortgagee is entitled to an injunction to prevent the mortgagor in possession from committing waste, it must affirmatively appear that unless the waste is restrained the security of the mortgagee will be rendered inadequate and insufficient to pay the mortgage debt.

*Moriarity* v. *Ashworth*, 43 Minn. 1; *Buckout* v. *Swift*, 27 Cal. 433; *King* v. *Smith*, 2 Hare, 244; *Perrine* v. *Marsden*, 34 Cal. 18; *Moses* v. *Johnson*, 88 Ala. 517; *Fairbank* v. *Cudworth*, 33 Wis. 358; *Cook* v. *Miller*, 26 Ill. App. 421; *Scott* v. *Wharton*, 2 H. & M. (Va.) 25; *Miller* v. *Waddingham*, 27 Pac. Rep. 760; *Vanderslice* v. *Knapp*, 20 Kan. 647; *Hippesley* v. *Spencer*, 5 Madd. 422; *VanWick* v. *Alliger*, 6 Barb. 511.

A court of equity will not restain a threatened trespass except upon a showing that the alleged trespasser is insolvent or that irreparable injury will result. *Stock Exchange* v. *McClaughry*, 148 Ill. 372; *Harms* v. *Jacobs*, 158 id. 505; *Highway Comrs.* v. *Green*, 156 id. 504; *Robinson* v. *Russell*, 24 Cal. 467; *Gause* v. *Perkins*, 3 Jones' Eq. 177.

Mr. JUSTICE MAGRUDER delivered the opinion. of the court:

*First*—The only relief, sought by the bill in this case, is to enjoin the removal of the building, chimney, boilers and machinery erected upon the mortgaged premises. The defendant in error, F. C. Austin Manufacturing Company, made its motion to dissolve the temporary injunction for want of equity appearing on the face of the bill. This motion operated as a demurrer to the bill, and admitted the truth of all the allegations therein. A motion to dissolve the injunction leads to the same result as a demurrer to the bill, so far as the injunction is concerned. If the demurrer be sustained, or if the motion to dissolve be allowed, in either case the temporary injunction is dissolved, and, where no other relief is sought, the case is virtually at an end. Where a complainant is willing to rest his case upon a demurrer, he must move the court to dismiss the bill. An order dismissing the bill is final, and from it appeal or error will lie, but a decision on the demurrer is merely interlocutory. So, an order dissolving an injunction is interlocutory; and, where the only relief sought by the bill is an injunction, the complainant, upon the dissolution of the injunction, which is in effect a final

order denying all relief, may dismiss his bill and appeal, or take out a writ of error. (*Titus* v. *Mabee*, 25 Ill. 257; *Prout* v. *Lomer*, 79 id. 331; *Weaver* v. *Poyer*, 70 id. 567; *Brown* v. *American Stone Press Brick Manf. Co.* 54 Ill. App. 647).

In view of what has been said, there was no error in the dismissal of the bill below by the complainant therein because, the bill being one for injunction only, the court entered an order dissolving the injunction, and thereby in effect made a final disposition of the case.

It is strenuously insisted by the defendants in error, that the injunction was dissolved because it was granted without notice to the defendants in the bill. The record does not show, that the injunction was dissolved because no notice was given, before it was granted, that it would be applied for. On the contrary, the final decree or order, entered by the court, recites that a motion was made to dissolve the injunction upon the face of the bill, and that this motion, after argument, was sustained by the court. If, however, there was any irregularity in the original issuance of the injunction, such as failure to give notice, such irregularity was waived by the motion to dissolve upon the face of the bill, inasmuch as such motion operated as a demurrer to the bill. "A motion to dissolve operates as a waiver of the irregularity." (High on Injunctions, sec. 1615; *Vipan* v. *Mortlock*, 2 Meriv. 476; *Angier* v. *May*, 3 W. R. 330; *O'Kane* v. *West End Dry Goods Store*, 72 Ill. App. 297; *Brown* v. *Luehrs*, 79 Ill. 575). Our attention is called to section 3 of the act in relation to injunctions, which provides that an injunction shall not be granted without previous notice to the defendants of the application, unless it shall appear from the bill, that the rights of the complainant will be unduly prejudiced, if the injunction is not issued without such notice. (2 Starr & Cur. Ann. Stat.—2d ed.—p. 2142). Even if the irregularity, arising from the failure to give notice, was not waived by the making of a motion to dissolve the injunction upon the face of the bill as above stated, it cannot

be said, that it does not appear from the allegations of the bill here that the rights of the complainant would have been unduly prejudiced if the injunction had not been issued without notice. The bill alleges, that defendants were asserting their right to remove, and threatening to remove, a building which constituted a part of the mortgaged premises, and the removal of which would undoubtedly have diminished the value of such premises.

*Second*—Inasmuch as the motion to dissolve the injunction operated as a demurrer to the bill, and admitted the truth of the allegations of the bill, the question arises whether the plaintiff in error was entitled to relief upon the face of his bill. In other words, we are to consider the case as though the question is, whether the court below could properly sustain a demurrer to the bill.

The bill must be regarded as a bill filed by a mortgagee to enjoin the commission of waste by the mortgagor. The decree of foreclosure, before its execution by sale of the mortgaged property, was assigned by Elizabeth Lawrence, the original complainant in the foreclosure bill, to Lucas R. Williams, the present plaintiff in error. The assignee of a decree succeeds to the rights of his assignor. (*Franklin Savings Bank* v. *Taylor*, 131 Ill. 376). Hence, the plaintiff in error, assignee of the decree of foreclosure, occupies the same position as though he were the original mortgagee.

The bill alleges, that the defendants in error claimed to own the buildings and machinery upon the mortgaged premises, and the right to remove the same, by virtue of some lease or contract made with Gay Dorn, the original mortgagor, and that such lease or contract was made subsequent to the appearance of Dorn and wife in the foreclosure proceeding. The defendants in error can occupy no better position than Dorn himself, the owner of the equity of redemption, and must be regarded, for the purposes of this case, as lessees or alienees of Dorn. The bill does not show the precise nature of the interest of

the defendants in error in the building sought to be removed, but, whatever their interest is, it was acquired during the pendency of the foreclosure proceeding, and while such proceeding was *lis pendens*. Therefore, the defendants in error occupy the same position, as though they were original mortgagors. (*Davis* v. *Connecticut Mutual Life Ins. Co.* 84 Ill. 508).

The building, with the boilers, machinery and chimney as described in the statement preceding this opinion, was a fixture, permanently attached to the mortgaged premises. (*First Nat. Bank of Joliet* v. *Adam*, 138 Ill. 483). A mortgage covers the fixtures attached to the property, which is mortgaged. Whatever is annexed to the freehold, and will pass as between vendor and vendee, will pass as between mortgagor and mortgagee. (*Miller* v. *Plumb*, 6 Cow. 665; *Union Bank* v. *Emerson*, 15 Mass. 159). "The general rule as to fixtures between mortgagor and mortgagee is, that all annexations to realty pass by the mortgage to the mortgagee, unless by express terms the mortgagor except them from the terms of the conveyance. Annexations made after the execution of the mortgage are subject to the same rules as those made before." (8 Am. & Eng. Ency. of Law, p. 50; *McKim* v. *Mason*, 3 Md. Ch. 186). Additions of a permanent character by way of improvements on mortgaged premises, made by the owner or mortgagor, are regarded as a part of the mortgaged estate. If the mortgagor affixes any property to it by the way of additions or otherwise, such property becomes a fixture in the general sense of that term, and, inasmuch as, by being a fixture, it is thus a part of the realty, it is subject to the mortgage. When the mortgagor thus makes a permanent annexation to the mortgaged premises, the article or thing so annexed becomes a part of the realty as between the mortgagor and the mortgagee, whether it was annexed to the premises before or after the making of the mortgage. Buildings and fixtures placed on mortgaged premises by the mortgagor cannot

be regarded otherwise than as permanently annexed to the freehold. They go to enhance the value of the estate and will, therefore, inure to the benefit of the mortgagee. (*Arnold* v. *Crowder,* 81 Ill. 56; *Wood* v. *Whelen,* 93 id. 153; *Butler* v. *Page,* 7 Metc. 740; *Graeme* v. *Cullin,* 23 Gratt. 266; *Hunt* v. *Hunt,* 14 Pick. 374; *Baird* v. *Jackson,* 98 Ill. 78).

It being established that fixtures thus annexed are included in the mortgage, a bill will lie for an injunction to prevent the commission of waste by a removal of such fixtures, inasmuch as such removal may impair the mortgage security. (*Robinson* v. *Preswick,* 3 Edw. Ch. 246). Chancellor Kent, in his Commentaries (vol. 4, mar. p. 161,) says: "The mortgagor may exercise the rights of an owner while in possession, provided he does nothing to impair the security; and a court of chancery will always, on the application of the mortgagee, and with that object in view, stay the commission of waste by the process of injunction. But an action at law by the mortgagee will not lie for the commission of waste because he has only a contingent interest." In *Nelson* v. *Pinegar,* 30 Ill. 473, we held that a mortgagee of land, whether he be regarded as the owner of the fee as against the mortgagor and all claiming under him, or whether his mortgage is a mere security for the debt, has a right to an injunction to stay the commission of waste upon the mortgaged premises. An injunction is allowed in such cases, because it prevents a deterioration of the security of the mortgagee. (*Robinson* v. *Litton,* 3 Atk. 209; *Brady* v. *Waldron,* 2 Johns. Ch. 148; *Cooper* v. *Davis,* 15 Conn. 561; *Salmon* v. *Claggett,* 3 Bland's Ch. 126; *Murdock's case,* 2 id. 461). In *Dorr* v. *Dudderar,* 88 Ill. 107, where a house was removed from mortgaged premises, we said: "The mortgagor had the right to use the premises, but no right whatever to commit waste or remove buildings, or do any other act which would impair the security of the mortgagee. Had the aid of a court of equity been invoked before the building was removed, its removal might have been enjoined,"

The destruction of buildings must be regarded as waste, "if such destruction result in lasting injury to the inheritance as it will come to the reversioner." (28 Am. & Eng. Ency. of Law, 885; *Davenport* v. *Magoon*, 13 Ore. 3). The mortgagee has a right to his whole security unimpaired during the life of the mortgage. Where the waste of the mortgaged premises is such as impairs the security of the mortgage, protection against such waste will be afforded by injunction. (*Coker* v. *Whitlock*, 54 Ala. 180). It has been said that "the remedy by injunction is so peculiarly adapted to the redress of injuries which constitute waste, that it has supplanted to a large extent the remedies at law." (28 Am. & Eng. Ency. of Law, p. 922).

Inasmuch as the removing of a building or improvement, permanently attached to the freehold, is *per se* an injury to the freehold, such removal will be regarded as waste. (*Windship* v. *Pitts*, 3 Paige, 259). Hence, a court of chancery will restrain such removal, whether the mortgagor be solvent or insolvent. Chancery will enjoin the commission of any act, which impairs the security. Counsel for the defendants in error claim, that the bill filed in this case is defective in not alleging that the defendants were insolvent. But the weight of authority is in favor of the position, that an allegation of insolvency is not necessary. In American and English Encyclopedia of Law, (vol. 28, p. 933,) it is said: "The appropriate remedy for a mortgagee against a mortgagor in possession, who is impairing the security by committing waste, is by bill in chancery for an injunction; it is not necessary to allege or prove the mortgagor's insolvency." (See, also, *Taylor* v. *Collins*, 51 Wis. 123; *Fairbank* v. *Cudworth*, 33 id. 358; *Northrup* v. *Trask*, 39 id. 515; *State Savings Bank* v. *Kercheval*, 65 Mo. 682; 10 Am. & Eng. Ency. of Law, p. 875; *State* v. *Northern Central Railway Co.* 18 Md. 213; *Dudley* v. *Hurst*, 67 id. 44).

In view of the principles thus announced, and of the authorities above referred to which sustain those prin-

ciples, we are unable to see why the bill in this case did not contain such allegations, as, if proven, would entitle the plaintiff in error to an injunction. The removal of the building upon these premises, with the boilers and machinery attached to it and the chimney connected with it, would certainly have amounted to a waste of the mortgaged premises, and the plaintiff in error was entitled, under the authorities cited, to an injunction to prevent such waste, inasmuch as, thereby, his security would be impaired.

It is insisted, however, by counsel for defendants in error, that the allegations in the bill as to the impairment of the security by the waste charged are not sufficient to warrant the granting of the relief prayed for. The contention is, that the complainant in the bill should have shown thereby, that his security would be rendered inadequate by the threatened removal. It is said in the authorities, which are above quoted, that an injunction in favor of the mortgagee against the mortgagor to prevent waste will be granted where the waste is such as will impair the security. (*Minneapolis Trust Co.* v. *Verhulst*, 74 Ill. App. 350). In American and English Encyclopedia of Law, (vol. 10, 875), it is said: "Where a party includes certain fixtures in the mortgage of real estate, he may be enjoined from removing the same, as such removal might impair the mortgage security. And fixtures attached to the soil by the mortgagor after the execution of the mortgage become a part of the mortgage security."

Counsel for defendants in error refer to a number of cases which are alleged to hold that, in order to justify an injunction against waste, the waste must be such as renders the security inadequate or insufficient. (*Buckout* v. *Swift*, 27 Cal. 423; *VanWyck* v. *Alliger*, 6 Barb. 511; *Vanderslice* v. *Knapp*, 20 Kan. 647; *Moriarity* v. *Ashworth*, 43 Minn. 1). Some of the cases thus referred to by counsel make use of the word, "impair," as well as of the word, "inadequate," and seem to treat them as convertible terms.

Certainly, the impairment of the security may be so great as to make it inadequate.   If, however, the strict rule contended for by counsel for the defendants in error should be regarded as the correct rule in this class of cases, we deem the allegations of the present bill sufficient.   When examined carefully they amount to a statement that, by the removal of the building and fixtures, the security will not only be impaired, but will be insufficient or inadequate.   The bill charges that, if the building, machinery and fixtures in question are removed "the security of the complainant will be impaired, and the amount the same will bring at foreclosure sale largely decreased, and the complainant irreparably injured * * * and his interests unduly prejudiced."   The allegation of irreparable injury and of "interests unduly prejudiced," taken in connection with the other allegations, implies that the security would be rendered inadequate.   Unless the value of the security was reduced by the removal of the building and fixtures, so as to render it probable that, upon a foreclosure sale, the property would not bring enough to pay the amount of the decree, the injury could not be irreparable, nor the interests of the mortgagee be unduly prejudiced.

We are of the opinion, that the judgment of the Appellate Court and the decree of the circuit court are erroneous.   The bill was sufficient upon its face to entitle the plaintiff in error to relief, if its allegations could be established by proof, and the injunction should not have been dissolved, but the bill should have been retained for answer, and for a hearing of the cause after proofs taken.

The judgment of the Appellate Court and the decree of the circuit court are reversed, and the cause is remanded to the circuit court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*