THE LIVINGSTON COUNTY BUILDING AND LOAN ASS'N

*v.*

ANNA L. KEACH *et al.*

*Opinion filed December 22, 1904.*

1. APPEALS AND ERRORS—*order sustaining demurrer to bill is not a final one.* An order sustaining a demurrer to a bill is not a final order, and no appeal lies therefrom.

2. SAME—*when appeal bond does not show that bill was dismissed.* An approval by the clerk of the court of an appeal bond reciting that complainant's bill was dismissed does not show that a decree dismissing the bill was entered.

APPEAL from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding.

A. C. NORTON, and C. J. AHERN, for appellant.

FRED G. WHITE, and C. C. & L. F. STRAWN, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The original bill in this case was filed by the appellant against the appellees, Anna L. Keach and Fanny L. White. Subsequently an amended bill was filed by appellant against the same parties, to which demurrers were filed by the appellees, Keach and White. These demurrers were sustained, but no order was entered by the court dismissing the bill. The order sustaining the demurrers is not a final order, and, therefore, no appeal lies from it to this court. The recital in

the record is as follows: "This cause coming on to be heard on demurrer to bill herein, and after arguments of counsel and due deliberation by the court, it is considered and ordered that said demurrer be and the same is hereby sustained, to which ruling of the court complainant excepts, and prays an appeal to the Supreme Court of this State, which is allowed upon filing bond in the sum of $100.00 to be approved by the clerk of this court within thirty days from this date." It is true that the appeal bond, filed in the cause, recites in the condition thereof that appellees did, on June 7, 1904, obtain a decree against the appellant, dismissing its bill of complaint, and sustaining a demurrer thereto. But the statement in the condition of the appeal bond, that a decree was entered dismissing the bill does not show that any such decree was actually entered. The order of the court granting the appeal was that the bond was to be approved by the clerk of the court. The bond shows, by endorsement on its back, that it was filed and approved by the clerk. An approval by the clerk of the court of an appeal bond, containing a recital that the bill was dismissed, does not make it true that there was such dismissal. The clerk has no judicial power, and could not enter such a decree of dismissal.

In *Williams* v. *Chicago Exhibition Co.* 188 Ill. 19, we said (p. 26): "Where a complainant is willing to rest his case upon a demurrer, he must move the court to dismiss the bill. An order dismissing the bill is final, and from it appeal or error will lie, but a decision on the demurrer is merely interlocutory." (See, also, *Titus* v. *Mabee,* 25 Ill. 232; *Prout* v. *Lomer,* 79 id. 331; *Weaver* v. *Poyer,* 70 id. 567).

As the present appeal is prosecuted from an interlocutory order merely, it must be and is dismissed.

*Appeal dismissed.*