THIRD DISTRICT—JULY, 1917.    575

Springfield G. & E. Co. v. City of Springfield, 206 Ill. App. 575.

## Springfield Gas & Electric Company, Appellant, v. City of Springfield, Willis J. Spaulding and James E. Dalby, Appellees.

1. APPEAL AND ERROR, § 309*—*what order is not appealable.* An interlocutory order dissolving a temporary injunction on motion is not appealable.

2. APPEAL AND ERROR, § 309*—*when appellant should dismiss bill for injunction in order to obtain final order of dismissal.* Where an appellant is willing to rest his case upon a motion to dissolve a temporary injunction, he must, when the order dissolving the injunction is made, move the court to dismiss the bill, thus obtaining a final order of dismissal from which an appeal or writ or error will lie, although neither would lie from a mere decision on demurrer or motion to dissolve.

Appeal from the Circuit Court of Sangamon county; the Hon. NORMAN L. JONES, Judge, presiding. Heard in this court at the April term, 1917. Appeal dismissed. Opinion filed July 14, 1917.

**Statement by the Court.** Appellant filed a bill in equity in the Circuit Court of Sangamon county against the appellees praying for a temporary and permanent injunction restraining appellees from placing electric wires on certain poles of appellant, and of appellant and another corporation, and from interfering with the wires of appellant on such poles, and for general relief. A temporary injunction was issued as prayed.

The appellees answered the bill, setting up certain alleged rights of appellees under certain ordinances of the City of Springfield. Appellees then entered a motion to dissolve the temporary injunction. A replication was filed. The motion to dissolve the temporary injunction was heard on the bill, answer, replication and evidence in open court. In September, 1916, the court sustained the motion to dissolve the temporary injunction. On February 22, 1917, by agreement of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the parties, the order entered in September was set aside, and the cause further heard on the motion to dissolve the temporary injunction, and the court again held and ordered "that the temporary injunction heretofore granted by the court be and is hereby dissolved." The appellant excepted and prayed an appeal, which was allowed. Appellant filed its bond February 27th, its bill of exceptions March 2nd, and the record in this court April 2, 1917.

WILSON, WARREN & CHILD, for appellant; THOMAS RENAUD RUTTER and PHILIP BARTON WARREN, of counsel.

ROY M. SEELEY, FRANK L. HATCH, GRAHAM & GRAHAM and STEVENS & HERNDON, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The decree appealed from is an interlocutory one, which dissolves a temporary injunction. It leaves the bill still pending in the trial court for a permanent injunction. No order or decree is made disposing of the chancery suit or of the costs in the case.

Appeals are only allowed from interlocutory orders concerning injunctions under and by virtue of section 123 of the Practice Act (J. & A. ¶ 8661). That section of the statutes only permits appeals to be taken from interlocutory orders when the order grants an injunction, or overrules a motion to dissolve an injunction or enlarges the scope of an injunction. In any of such cases an appeal may be taken to the Appellate Court, providing it is taken within thirty days and perfected in the Appellate Court within sixty days, and such appeals take precedence over other causes in such court.

Appeals are creatures of the statute, and the statute

of Illinois neither provides for nor grants the right of appeal in orders refusing to grant or dissolving injunctions. If the appellant is willing to rest its case upon the motion to dissolve, it must, when the order dissolving the injunction is made, move the court to dismiss the bill, thus obtaining a final order of dismissal, from which an appeal or writ of error will lie, although neither would lie from a mere decision on demurrer or motion to dissolve. So where the only relief sought by the bill is an injunction, the complainant upon the dissolution of an injunction, which is in effect a final order denying all relief, may dismiss his own bill and take an appeal. *Williams v. Chicago Exhibition Co.,* 188 Ill. 19; *Carroll v. Barry Bros. Transp. Co.,* 118 Ill. App. 230. The case stands precisely as it would if appellees had demurred and the court had sustained the demurrer and the appellee had not abided by its bill and had judgment entered on the demurrer dismissing the bill. It still is on the docket in the trial court for further action.

The case being disposed of in the trial court, and an interlocutory order dismissing a temporary injunction not being an appealable order, an appeal does not lie from the order as made dissolving the injunction, and the appeal is dismissed.

*Appeal dismissed.*