ROBERT FRANKLIN DOUGLAS *et al.*, Plaintiffs-Appellants, *v.* LLOYD V. LOWERY *et al.*, Defendants-Appellees.

(No. 69-157;

Fifth District—January 6, 1971.

William E. Aulgur, of Eldorado, for appellants.

PER CURIAM:

Plaintiffs Robert Franklin Douglas and Helen P. Douglas filed their complaint in the Circuit Court of White County to foreclose a mortgage executed by Lloyd V. Lowery and Mary E. Lowery. The court found that defendants were not in default and entered judgment for them. Plaintiffs appeal from this judgment arguing that it is against the manifest weight of the evidence.

In 1954 the defendants bought a 160 acre farm from the plaintiffs for $13,500.00. They paid $4,500.00 cash and executed a promissory note for $9,000.00. The note is dated April 27, 1954, bears interest at the rate of 5% per annum, and is payable $550.00 on April 27, 1955, and thereafter in 30 equal payments of $275.00 per year with the final payment of $200.00 on April 27, 1986. The note is secured by a mortgage on the farm with the customary provision that "* * * if default be made in the payment of the said promissory note, or of any part thereof, or the interest thereon, or any part thereof, at the time and in the manner above specified for the payment thereof, or in case of waste or nonpayment of

taxes or assessments on said premises, or of a breach of any of the covenants or agreements herein contained, then and in such case, the whole of said principal sum and interest secured by the said promissory note in this mortgage mentioned, shall thereupon, at the option of the said Mortgagees * * * become immediately due and payable." This case is unique in that the alleged default is that of "waste."

The evidence on the issue of waste was conflicting. The plaintiffs alleged and introduced evidence tending to show that defendants had permitted the fences to become in a condition of disrepair, the land to become overgrown with weeds, trees and brush, and the barn and garage to deteriorate to the point where they are of little value and have become uninsurable. Defendants, on the other hand, introduced evidence tending to show that the farm was not in cultivation because it had been approved as part of the Federal Grain Program, that the fences were not adequate to restrain livestock when they acquired the farm and that they had improved the farm by constructing drainage ditches, grass waterways, a driveway, and a lake, bulldozing fence rows, making improvements to the residence and fertilizing the fields. Lowery testified that the barn had been damaged in a windstorm several years ago, that his claim was denied by the insurance company, that he felt the insurance company should repair the damage and that the insurance company would not now insure the barn.

On the basis of the record before us, we are of the opinion that the trial court was justified in finding that defendants had not committed waste. Furthermore, it is only waste impairing the sufficiency of the mortgagee's security which is actionable. (*Williams v. Chicago Exhibition Co.*, 188 Ill. 19; *Dorr v. Dudderar*, 88 Ill. 107.) The record here shows that defendants had not defaulted in the payment of principal or interest and that the indebtedness had been reduced to $5,150.00 at the time this action was commenced. There is also evidence in the record that the present value of the farm is $30,000.00.

■ The complaint, as amended, also charges that defendants are in default in that they have failed to keep a barn and garage situated on the farm, insured. The mortgage requires that all buildings on the premises be insured for their *full insurable value*. Although the trial court made no finding on this issue, the record would support the conclusion that the barn and garage had no insurable value in 1967, at the time the barn and garage were omitted from the policy.

For the foregoing reasons, the judgment of the Circuit Court of White County is affirmed.

Judgment affirmed.