## Victor Scale Company

### *v.*

## Thomas Shurtleff.

1. Ne exeat—*not allowed when complete remedy exists at law.* A writ of *ne exeat* will not be granted where it appears from the petition that a complete remedy may be had at law.

2. Chancery—*will not necessarily take cognizance of a case because it may.* Because a court of equity may take cognizance of a case it does not necessarily follow that it will. Equity powers ought not to be invoked unless it appears that a court of law can not afford sufficient remedy.

Appeal from the Circuit Court of McLean county; the Hon. Thomas F. Tipton, Judge, presiding.

Messrs. Bloomfield, Pollock & Campbell, for the appellant.

Messrs. Stevenson & Ewing, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

We are satisfied, after a careful examination of this record, and of the points made on it, that no case is shown to justify the writ of *ne exeat*, and the circuit court decided correctly in quashing the same. The point made by appellant, that the case appears to have been decided on demurrer, when no demurrer was, in fact, filed, but only a motion to quash, is not of any weight, as the decision on the motion to quash brought before the court the allegations in the petition.

We have sought in vain for a precedent for this case. It appears a regular action at law had been prosecuted to judgment against the debtor, and an execution returned *nulla bona.* The easy, expeditious and simple course for the plaintiff then to pursue, if the allegations in his petition are true, as we must believe, was, to issue a *capias ad satisfaciendum,* the effect of which would be, to compel him to surrender the property he is charged with concealing, for the benefit of his creditors; or, on failure to do so, be committed to prison, not

because he owes a debt, but because of his attempt to evade the payment of it. This is a fraud, and for such fraud, if proved, imprisonment would follow.

It is true, as urged by appellant, that as fraud is the basis of this proceeding, equity has jurisdiction. This does not follow. This proceeding is special, *sui generis*, and is never allowed when the necessity for the writ does not exist. We see no necessity for a resort to it, inasmuch as by proceeding at law in the court in which the judgment was rendered, a complete remedy can be had, much more prompt and efficacious than the one now sought. We do not think a court of equity should interfere when a court of law, or legal process issued by such a court, can afford the party relief as ample and speedy as he could obtain in equity. What is to hinder the execution of a *ca. sa.* to its ultimate results, and in what respect will its execution not be as ample and as efficacious as the writ of *ne exeat?* We can not see. Because a court of equity may take cognizance of a case, it does not necessarily follow that it will. Equity powers ought not to be invoked unless something is shown why the more summary proceedings of a court of law can not afford a sufficient remedy.

We are of opinion there is a complete remedy by a writ of *ca. sa.* for the complaint set out in this petition, and the judgment of the circuit court in quashing the writ of *ne exeat* was correct and must be affirmed.

*Judgment affirmed.*