McCormick v. Page.

## Robert N. McCormick, Trustee, etc., v. George T. Page et al.

1. **Trustees in Bankruptcy**—*Suits to Recover Money Against Resident Debtors of a Bankrupt.*—Where a trustee in bankruptcy and a debtor of the bankrupt reside in the State of Illinois the trustee can recover of such debtor only in the State courts, unless such debtor consents to be sued in the Federal court, and it necessarily follows that he must bring an action recognized by the State courts as fitted to secure the relief he desires.

2. **Same**—*Suits for Money Obtained in Fraud of the Bankrupt Act.* —Under the rule prevailing in this State an insolvent debtor is permitted to pay one creditor to the exclusion of another, but such a payment is fraudulent if in violation of the bankrupt act, and no reason is perceived why a declaration can not be framed in an action at law which will state a case for the recovery of such money, if such bankrupt is, in fact, entitled to recover it.

3. **Chancery Practice**—*Where There is a Remedy at Law.*—A bill in equity for an accounting which charges the payment of but one sum of money, the precise amount of which is given, states no case requiring an accounting in equity. The remedy is at law.

**Bill for the Recovery of Money**, obtained in fraud of the bankrupt act. Appeal from the Circuit Court of Peoria County; the Hon. Thomas M. Shaw, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

Covey & Covey, attorneys for appellant.

Isaac C. Edwards, attorney for appellees.

Mr. Presiding Justice Dibell delivered the opinion of the court.

Robert N. McCormick, as trustee in bankruptcy of Charles

Ballance, filed a bill in equity against George T. Page and three others. Defendants demurred to the bill of complaint on the ground that complainant did not therein state a case entitling him to any relief in equity, and that under the facts stated he had a complete remedy at law. The Circuit Court sustained the demurrer; complainant elected to abide by his bill; and the court dismissed the bill for want of equity. Complainant appeals.

The bill charges that on August 15, 1899, an involuntary petition in bankruptcy was filed against Ballance; that he was adjudged a bankrupt on October 4, 1899, and complainant was made trustee of the estate, and the title of all property of said bankrupt, including property transferred by said bankrupt in fraud of creditors, vested in complainant; that within four months before said petition was filed, Ballance paid defendants $385, to apply on a debt he owed them; that at the time of said payment Ballance was insolvent within the meaning of the bankruptcy act, and then had a large number of other creditors to whom he owed large amounts; that the receipt of said money by defendants was a fraud on the rights of the other creditors of said Ballance, and in violation of the bankruptcy act; that at the time of said payments defendants knew or had reasonable cause to know that Ballance was insolvent and a bankrupt, and that it was intended by said payment to give defendants a preference over other creditors, and also knew or had cause to know that said payment was in fraud of the other creditors and in violation of the bankruptcy act. The prayer was for an accounting between complainant and defendants, and that defendants be ordered to pay and turn over to complainant all money received from the bankrupt within four months prior to the adjudication in bankruptcy.

It is settled by Bardes v. Hawarden Bank, 178 U. S. 524, and several cases immediately following in the same volume, that as all the parties to this suit reside in Illinois, the trustee could recover this money only by suit in the State court, unless the defendants consented to be sued in the

Federal court. It necessarily follows that he must bring
an action recognized by the State courts as fitted to secure
the relief he seeks. Complainant does not seek a discovery.
He does not seek to remove a conveyance out of his way.
He seeks nothing but a money decree and an execution to
collect it. The fact that Ballance could not have brought
suit to recover this money voluntarily paid on an existing
debt does not determine that the trustee can not sue at law.
As said in Bardes v. Hawarden Bank, *supra* :

" The bankrupt himself could have brought a suit to
recover property which he claimed as his own, against one
asserting an adverse title to it; and the incapacity of the
bankrupt to set aside his fraudulent conveyance is a matter
affecting the merits of such an action, and not the jurisdic-
tion of the court to entertain and determine it."

If defendants held money belonging to Ballance, he could
have sued them in an action at law. The trustee who suc-
ceeds to his title can therefore maintain such action. The
payment here alleged was not fraudulent in fact, under the
rule prevailing in this State permitting an insolvent debtor
to pay one creditor to the exclusion of another, but it
becomes fraudulent in law, if in violation of the provisions
of the bankruptcy act. No reason is perceived, nor is any
suggested in argument, why the trustee can not frame a
declaration in an action at law which will state a case at
law for the recovery of the money, if he is entitled to
recover it. A judgment at law, with an execution to collect
it, will give complainant all the relief he seeks.

Fraud alone does not give a court of equity jurisdiction.
Pomeroy in his work on Equity Jurisprudence, Vol. 1, sec-
tion 178, states the rule thus :

" Cases in which the remedy is a mere recovery of money
do not ordinarily come under the concurrent jurisdiction.
\* \* \* Even when the cause of action, based upon a
legal right, does involve or present, or is connected with,
some particular feature or incident of the same kind as those
over which the concurrent jurisdiction ordinarily extends,
such as fraud, accounting, and the like, still, if the legal
remedy by action and pecuniary judgment for debt or dam-
ages, would be complete, sufficient and certain—that is,

would do full justice to the litigant parties—in the particular case, the concurrent jurisdiction of equity does not extend to such cases. For example, whenever an action at law will furnish an adequate remedy, equity does not assume jurisdiction because an accounting is demanded or needed; nor because the case involves or arises from fraud; * * * nor even to recover money held in trust, where an action for money had and received will lie."

So, in Vol. 2, section 911, Pomeroy, speaking of cases arising from fraud, says:

" Where the primary right is legal and the remedy is also legal, a recovery of money simply, or of the possession of chattels, the jurisdiction is concurrent and only exists when the remedy which the party might obtain at law is not adequate."

Fraud was the basis of an application to a court of equity in Victor Scale Co. v. Shurtleff, 81 Ill. 313, but it was held that under the facts stated there was a complete remedy at law, and therefore the power of a court of equity could not be invoked. (Black v. Miller, 173 Ill. 489.) The bill before us prays an accounting between complainant and defendants, but it states no case requiring an accounting in equity, for it charges the payment of but one sum of money, the precise amount of which is stated by the pleader. We see no reason for depriving defendants of a jury trial of the material issues in a court of law. (County of Cook v. Davis, 143 Ill. 151; Fuller v. Davis' Sons, 184 Ill. 505.) The decree is affirmed.