## Edward Hines Lumber Co. v. H. M. Scott et al.

1. CHANCERY PRACTICE—*Requisites of a Bill' to Restrain a Multiplicity of Suits.*—In order to maintain an injunction against numerous separate parties, preventing them prosecuting separate actions against a single person, such claimants must have a common title, or community of right or interest in the subject-matter in controversy, or a community of interest in the questions of law and fact involved in the litigation existing or prospective.

**Bill for an Injunction.**—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1901.    Affirmed.    Opinion filed April 18, 1902.

This was a bill in equity, brought by the appellant against H. M. Scott and six other defendants for the purpose of preventing a multiplicity of suits, for an injunction and an accounting.

A preliminary injunction was granted without notice. A motion was made to dissolve the injunction.  By consent, as appears in the order, this motion was treated as a demurrer; the motion to dissolve was sustained and the bill was dismissed for want of equity.    Appellant brings the case here for review.    The bill alleges that appellant had a contract with one Hodgdon to furnish it with certain lumber; that acting as the agent of Hodgdon it applied to sundry labor agencies to procure sixty laborers to go to

Wisconsin and work for Hodgdon; that it agreed to be responsible for the railroad fares of these laborers from Chicago to L'Anse, Michigan, the point where they left the railway; that sixty men, among them the defendants, were procured by the labor agencies; that appellant paid their fares from Chicago to L'Anse, Michigan, and that appellant was to receive back, according to the terms of its contract of hiring, from the said laborers, through Hodgdon, the sums of money so advanced by it for their railroad fares. In pursuance of such contract they sent the said laborers to L'Anse, Michigan. They were there met by Hodgdon with his teams and taken to the woods where they had engaged to work; that without any cause they refused to work and returned to Chicago; that the defendants, the aforementioned laborers, are liable to the appellant for the sums of money so advanced by it for their transportation; that six of these laborers, the defendants, have assigned to one J. D. McNeil, whom the complainant alleges is a fictitious person and whom it can not find, their claims for wages and labor on account of the employment aforesaid; that six suits have been brought before a justice of the peace at Harvey, seventeen miles from the place of business of the appellant, at eight o'clock in the morning; that if the appellant should be obliged to attend with its books it would have to take a large force of men, office employes, etc., and its counsel, and remain all night at Harvey, thus entailing great expense, and alleges that if they would appear they are advised that the suits would be continued.

The bill further alleges that the cause of action, if any exists, and the claim of these laborers, if any such claim exists, are all founded upon the same single transaction, and that the determination of one of these claims against the Edward Hines Lumber Company would determine the principle of all of them; that there are no separate and independent facts in each case, but that the same contract was made with each of the sixty men, and that the decision of all depends on the same facts and the same questions of law; that if the complainant were obliged to defend sixty suits it would entail an enormous expense and subject the com-

plainant to vexation and delay; that none of the plaintiffs have rendered any bill to the complainant, and that the complainant is unable to discover upon what, if anything, they base their claims, except in so far as the same is disclosed by the summons in the cause, and except that it shows it is for work and labor.

Further alleges that this bill of complaint is filed for the purpose of impleading all of said defendants and claimants of a similar class in order that their rights and the rights of the complainant may be settled in one suit, and to the end that a multiplicity of suits and actions and the delay and enormous expense of litigation attendant thereon may be avoided.

Complainant further alleges that it is unable at this time to give the names of all the laborers and prays discovery to that end and that they may be made parties defendant to this bill pending discovery; that the defendants, as a matter of fact, are indebted to complainant. Prays that an accounting may be taken and that all actions at law may be enjoined until the question of the liability of the complainant and each of the defendants is determined in the suit in chancery, complainant offering to pay whatever, if anything, is found due from the complainant to each of the defendants.

The bill further alleges that numerous other suits are threatened to be brought against the complainant upon the same cause of action by divers other said laborers.

The court sustained the demurrer to the bill and dismissed it for want of equity.

GRAHAM H. HARRIS, attorney for appellant.

A. L. FLANINGHAM, attorney for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Appellant in support of its bill to prevent a multiplicity of suits says: In section 245, volume 1, Pomeroy subdivides the grounds of this jurisdiction into four classes, and we claim that this case comes under class four, which is defined in the following language:

" Where the same party, A, has or claims to have some common right against a number of persons, the establishment of which would regularly require a separate action brought by him against each of these persons, or brought by each of them against him, and instead thereof he might procure the whole to be determined in one suit brought by himself against all the adverse claimants as co-defendants.

"Section 274.   Fourth Class.   The jurisdiction has been exercised in the following cases belonging to this class, and in most, if not all, of them it may be regarded as fully settled.   *   *   *   In suits by a single party against a number of persons to restrain the prosecution of simultaneous actions at law brought against him by each defendant, and to procure a decision of the whole in one proceeding, where all these actions depend upon the same questions of law and fact."

As to the actions already begun against and those feared by appellant the interest of the plaintiffs is and will be several and distinct; there is no community of interest as to that sought.

Nor is there any community of interest in the questions of law or fact upon which the recovery of all depend.   The suits in existence are pending before a justice of the peace, where there are no written pleadings, and the action will be covenant—debt—assumpsit, etc., as the evidence may disclose.

Appellant confesses its ignorance of what the respective claims sued for are, saying :

" The complainant is unable to discover upon what, if anything, they base their claims except in so far as the same is disclosed by the summons in the cause and except that it shows it is for work and labor."

There is, indeed, the further allegation in appellant's bill " that the claims of the six laborers who have brought suit, and the sixty in all, are founded, substantially, upon the same claim and upon the same facts, and that the complainant has the same defense to all of said claims, and that all of the said laborers, if they have any claim at all, have substantially the same claim, both upon the facts and upon the law."

This is a mere allegation of a conclusion.   While com-

plainant does allege certain facts showing a connection with appellees and others, it nowhere alleges that each of the suits now pending or those it fears will be brought is or will be based only upon such facts. Its allegation that it is in no way indebted to said laborers amounts to no more than the general issue, verified.

Appellant prays for an accounting and that appellees may be restrained "from prosecuting any action of law" against it.

No good reason appears for fixing the hour for the trial of the suits against appellant at eight o'clock in the morning. That, however, is the act of the justice of the peace, not of appellees, and affords no ground for an injunction as does not the fact that the office of the justice is seventeen miles from the place of business of appellant. Appellant has a right of appeal and to a trial *de novo* in the Circuit Court.

In order to maintain an injunction against numerous separate claimants, preventing them from prosecuting or bringing separate actions against a single party, such claimants must have a common title, or community of right or interest in the subject-matter in controversy, or a community of interest in the questions of law and fact involved in the litigation existing or prospective. High on Injunctions, 3d Ed., Sec. 65; Pomeroy's Eq. Jurisprudence, Secs. 268, 269; Story's Equity Pleadings, Secs. 277, 271, 538; Saxton v. Davis, 18 Ves. 80; Burnett v. Lester, 53 Ill. 325.

The decree of the Superior Court is affirmed.