## Lenore P. Pfau v. James A. Fullenwider.

1. ATTORNEYS—*Failing to Pay Over Moneys Collected by Them—Jurisdiction of Courts of Equity.*—The law courts afford several efficient remedies against attorneys who fail to pay over moneys collected for their clients. A court of equity will not take jurisdiction in such a case.

Bill for an Accounting, etc.—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed July 2, 1902.

Statement.—Appellant filed her bill, setting forth, in substance, that she had employed appellee as her attorney to collect a claim against the Ætna Iron Works, a corporation, which claim, she alleged, having once belonged to the Columbia Iron and Steel Company, a corporation, had been sold to her by appellee as the attorney of said Columbia Iron and Steel Company; that the terms of the sale substantially were that said claim was sold to her for $650; and when appellee had collected the amount of the claim for $2,432.30, he was to take out $650, the price appellant was to pay, and $25 for his services, and pay the balance over to her, appellant. That appellee has collected the said $2,432.30, but has not paid any portion of the same to her; that he denies that he was ever employed by her or ever her attorney, and claims that the Columbia Iron and Steel Company refused to recognize or carry out the sale of its claim to appellant; and that he has paid over the money collected by him to the Columbia Iron and Steel Company, which payment to the Columbia Iron and Steel Company, appellant, on information and belief, denies.

Complainant further represents that appellee denies that he ever was employed as attorney for complainant or that he ever acted for her, except in filing an answer to the cross-bill herein mentioned, and that he did that solely as a matter of accommodation, and without expectation of any fee or reward for his professional services therein, and

denies that he is indebted to this complainant in any sum whatever.

The court sustained a special demurrer to the bill.

JAMES H. DAVIDSON, attorney for appellant.

HARRY A. DAUGHERTY, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

We do not regard the bill as charging against the defendant anything more than a failure to pay over money alleged to have been collected upon a claim she avers was sold to her; while the bill sets forth that the defendant denies that he ever collected anything for or was ever employed by her.

Appellant insists that a court of equity should take jurisdiction of the subject-matter of this bill because fraud is therein alleged and an accounting asked for. The only complaint of all that appellee is charged to have done is in not paying to appellant the amount of the judgment alleged to have been collected by him. All that he is alleged to have done in collecting and recovering the money she approves of.

She insists that he should have paid to her the money he claims he collected and paid to the Columbia Iron Works. This is no more a charge of fraud than is any case against an attorney for failing to pay over money collected by him. The law courts afford several most efficient remedies against lawyers who fail to pay over money collected for clients. A court of equity will not take jurisdiction in such a case. Steele et al., Adm'rs, v. Clark, 77 Ill. 471–474; Doyle v. Murphy, 22 Ill. 502; Douglass v. Martin, 103 Ill. 25; Taylor v. Turner, 87 Ill. 296; Victor Scale Co. v. Shurtleff, 81 Ill. 313; 1 Pomeroy's Eq. Juris., Sec. 178; Shenehon v. Illinois Life Ins. Co., 100 Ill. App. 281.

The bill discloses no such case for an accounting as gives a court of equity jurisdiction.

The decree of the Superior Court is affirmed.