## Herman Adams, et al., v. M. L. Oberndorf.
### Gen. No. 12,214.

1. MULTIPLICITY OF SUITS—*when equity will interfere to prevent.* Whether or not equity will interfere to prevent by injunction a multiplicity of suits depends upon the circumstances of each particular case and upon whether such interference is called for to discountenance useless litigation and prevent irreparable injury.

2. INJUNCTION—*when, lies to restain assertion of fraudulent claims.* An injunction lies to restrain a number of parties from prosecuting numerous suits before a justice of the peace in remote localities, in pursuance of a conspiracy to harass and annoy the complainant, where such suits have a common basis, are predicated upon false, fraudulent and fictitious demands and will result in irreparable injury to the complainant.

3. INJUNCTION—*when notice of application for, waived.* A motion to dissolve, followed by a hearing, waives any error in granting an injunction without notice.

Appeal from interlocutory order granting injunction. Appeal

32

from the Superior Court of Cook County; the Hon. THEODORE BREN-
TANO, Judge, presiding.   Heard in the Branch Appellate Court at the
March term, 1905.   Affirmed.   Opinion filed July 11, 1905.

**Statement by the Court.** This is an appeal from an inter-
locutory order granting an injunction, by which appellants
are restrained until the further order of court from filing
any suit against complainant based upon wages alleged to
be due from complainant to any of the said defendants
during the time defendants or any of them were not actu-
ally working for complainant or during the time they were
on a strike, being from November 17, 1904, to date of order,
and from proceeding with the prosecution of suits hereto-
fore filed against complainant by defendants in any justice
court of Cook county, or in any other court based upon the
same alleged cause or causes of action.

The bill of complaint is quite lengthy and sets forth
that complainant is a wholesale tailor employing in his
business a large number of cutters, trimmers, tailors and
others; that the defendants were members of labor organiza-
tions known as local unions of the United Garment Workers
of America; that complainant and twenty-six other firms and
corporations are members of the National Wholesale Tailors'
Association; that said association entered into certain so-
called contracts with the said various local labor unions; that
such contracts provided among other things that said associa-
tion would employ only members of said unions, which con-
tracts have since been held unlawful, it is said, and further
provided that in case of labor troubles, the wages of the
members of such local unions should cease until such labor
troubles were settled, and that such difficulties should be
submitted to arbitration, that none of the members of the
local unions should engage in any sympathetic strike except
for union principles and that the question whether union
principles were involved should be submitted to arbitration
before any strike should be called.   It is further represented
that on or about November 17, 1904, said defendants and
other members of said local labor unions employed by com-
plainant and the other members' of the association struck

without just cause, voluntarily terminated their employment and still remain out of such employment, without submitting or offering to submit the questions involved to arbitration; that since said voluntary strike, defendants and other members of said local unions have rendered no services to complainant nor to the other members of said association nor have complainant or the other members of the association become indebted to said defendants or any of the striking members of said unions.

Complainant represents that for the purpose of harassing and annoying complainant and the other members of said association and to involve them in vexatious and expensive litigation, the defendants and other members of said local unions confederated and conspired among themselves and with their agents and attorneys to institute and prosecute a large number of suits at law against complainant and the other members of said Wholesale Tailors' Association, upon false, fraudulent and fictitious claims based upon an alleged breach of those portions of the said alleged contracts between said association and the said local unions which provided for the employment by members of said association of those only who should be members of said unions; and that said defendants falsely and fraudulently claim to be entitled to recover wages for the period when they were striking and rendering no services of any kind to their former employers. It is further represented that all of the defendants and many other members of said local unions have served upon complainant and other members of said association demands in writing calling for payment of wages for the period when they were, as before stated, on a strike, that they have engaged attorneys and caused upward of 150 printed demands to be so served, and have threatened upon failure to make such payments to bring suit upon each of such demands to recover the amount of the same and attorneys' fees; that upward of 150 such suits have been instituted, and for the purpose of further harassing and annoying complainant and other members of said association so sued, and rendering it more difficult to defend against such suits

they have been brought in many different justice courts of Cook county, a large number of them before a justice whose location is very remote from the business center of Chicago, with the purpose of forcing complainant and the others so sued to permit judgments for damages to be rendered in such outlying justice courts from which appeals must be prosecuted at large expense. It is charged that many other such suits are threatened based upon the same false, fictitious and fraudulent claims, and that, brought by so many different plaintiffs against many defendant firms and corporations as defendants, the decision of any one suit would not be conclusive of the issues involved in any other and could not be pleaded as a former adjudication upon the same facts, all of which it is stated is a part of the plan thus inequitably and illegally conceived, which will be carried out unless defendants are restrained by injunction.

It is charged that the defendants and other members of said local unions are insolvent and unable to respond in damages or for costs which may be hereafter adjudged against them, and that unless so restrained by injunction, complainant and other members of said association will be greatly injured and damaged by the bringing of a multiplicity of such suits and will suffer irreparable loss and injury.

The prayer is for an injunction restraining the defendants and their agents, and all other members of such local unions and all other persons who may hereafter institute or threaten suits based upon the like false, fictitious and fraudulent demands, from proceeding with such litigation and for other relief.

Appellants formally demurred to the bill and moved to dissolve the injunction for want of equity on the face of the bill. The motion was denied.

JACOB C. LE BOSKY and WILLIAM SLACK, for appellants; WILLIAM PRENTISS, DAVID L. CRUICE, JOHN C. WILSON and FRANK P. REYNOLDS, of counsel.

FRANK W. WHEELER, FREDERICK D. SILBER and MARTIN J. ISAACS, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The first of the grounds upon which we are asked to reverse the interlocutory order granting the injunction complained of is that equity will not, it is said, assume jurisdiction to prevent a multiplicity of suits at law brought by different persons on different contracts against another; that it must appear from the allegations of the bill that the suits are all alike and at least one has been determined adversely, notwithstanding which the plaintiffs therein continue to vex and harass the complainant with additional suits. We do not deem it necessary to point out at length exact distinctions which have been drawn in cases where multiplicity of suits has been advanced as ground for equity jurisdiction. It may be said, however, that there are averments in this bill which bring it squarely within one of the cases at least in which the jurisdiction of equity is regarded as fully settled, viz.: "In suits by a single party against a number of persons to restrain the prosecution of simultaneous actions at law brought against him by each defendant and to procure a decision of the whole in one proceeding where all these actions depend upon the same questions of law and fact." Pomeroy's Eq. Jur., vol. 1, sec. 274. See also sec. 245; Edward Hines Lumber Co. v. Scott, 101 Ill. App., 523-527, and references there cited. That there is community of interest in the questions of law and fact alleged to be involved in the litigation in controversy sufficiently appears from facts stated in the bill. Whether or not equity will interfere to prevent by injunction a multiplicity of suits depends upon the circumstances of each particular case, and upon whether such interference is called for to discountenance useless litigation and prevent irreparable injury. Mil. Elec. Ry. & Light Co. v. Bradley, 108 Wis., 467-487, *et seq.;* City of Chicago v. Collins, 175 Ill., 445-453.

In the present case, facts stated in the bill and admitted by the motion and demurrer tend to show that defendants and their associates are prosecuting numerous suits before justices of the peace in remote localities in pursuance of a conspiracy to harass and annoy former employers, which suits are based upon false, fraudulent and fictitious demands. It is idle to say that such a combination or conspiracy is not unlawful merely because it is lawful to bring suit upon claims real or imaginary. The gist of the conspiracy is the combination to harass and annoy complainant and others, and to put them to great expense by suits having no legal foundation. Such conspiracy is unlawful. Arthur v. Oakes, 63 Fed. Rep., 310-321, *et seq.* It is evident from the facts alleged that this scheme if permitted to go on will result in damage to complainant, and as the motion to dissolve admits appellants to be insolvent and irresponsible, the damage is likely to be irreparable. For such damage it is apparent complainant can have no adequate remedy at law; and generally, although equity will hesitate to intervene where there is an adequate legal remedy, yet where the facts show that adequate relief can best be had in a court of equity, jurisdiction for that purpose may in proper cases be assumed. City of Chicago v. Collins, *supra* (p. 453). There are many cases where the remedy is concurrent and where equity being flexible, can administer justice more fully than can be readily done under the rules of law. Schack v. McKey, 100 Ill. App., 294-299. There can be no question in view of the facts set out in this bill that a conspiracy such as is here shown affords proper ground for equitable interference. From the averments of the bill, the defendants seem to have devised an ingenious scheme of persecution. They bring numerous suits before justices of the peace against former employers whose service they have voluntarily left, to recover wages while they were on a strike and which they have done nothing to earn; and they ask for damages because when they quit work the employers, as they claim, violated an alleged contract if such it may be called, to employ only union workmen, by filling the vacant

places with men who would work. If the facts are as stated in the bill such suits have evidently no shadow of justification. Even if these demands were legal, yet if prosecuted in pursuance of a conspiracy to injure, a court of equity might properly assume jurisdiction; but where there is a conspiracy to harass and damage by suits based upon false, fraudulent, and fictitious demands, there can be no question as to the jurisdiction of equity to interfere. Milwaukee Elec. Ry. & Light Co. v. Bradley, 108 Wis., 467-488; U. S. v. Haggerty, 116 Fed. Rep., 510-518.

As to the objection that the bill is bad for multifariousness it is disposed of by what is said in North Am. Ins. Co. v. Yates, 214 Ill., 272-284. If it be true as stated that the injunction was issued without notice, the objection has nevertheless been waived by the appearance of the defendants and the motion to dissolve. The parties have had a hearing on that motion and all the benefit the notice could have procured them. Williams v. Chi. Ex. Co., 188 Ill., 19-27; High on Injns., sec 1615.

The interlocutory order granting the injunction complained of will be affirmed.

*Affirmed.*