# Grand Opera House Company, Appellee, v. Herbert Rip=ley et al., Appellants.

## Gen. No. 17,753.

1. APPEALS AND ERRORS—*what interlocutory order not appealable.* An order overruling a motion to dissolve an injunction is not appealable.

2. INJUNCTIONS—*what waives notice of granting preliminary.* A general appearance, demurrer and motion to dissolve an injunction on the face of the bill, waives want of notice.

Bill for injunction. Appeal from the Circuit Court of Cook county; the HON. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed November 15, 1911.

FOREMAN, LEVIN & ROBERTSON, for appellants.

McARDLE & McARDLE and THOMAS J. O'HARE, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is an appeal from an order of the Circuit Court overruling a motion to dissolve an injunction. Two errors are assigned: "1. For that the court erred in granting the injunction order of May 4, 1911." "2. For that the court erred in overruling the motion of defendant, Herbert Ripley, to dissolve the injunction theretofore granted in this cause."

As to the first assignment of error, it is sufficient to say that the granting of the preliminary injunction was an interlocutory order, and even if it was improperly entered, the error cannot be availed of on an appeal from an order overruling a motion to dissolve it. If appellant desired to have the correctness of the

order granting the preliminary injunction reviewed, he should have appealed from that order, as provided by section 123, chapter 110, R. S. Keeley v. Hargreaves, 236 Ill. 316.

The bill in this case was filed May 4, 1911, and a temporary injunction was ordered and summons was issued. On May 8, 1911, the general appearance of defendant by his solicitors, and his demurrer to the bill, were filed, and on May 17, 1911, the motion of defendant to dissolve the injunction on the face of the bill was, after a hearing, overruled.

The only reason under the second assignment of error urged here for a reversal of that order is that the order granting the injunction was entered without notice to appellant. Want of notice of an application for a temporary injunction can be taken advantage of either by an appeal from the order granting the injunction or by a motion to discharge the order, but is waived by the general appearance, demurrer and motion to dissolve the injunction on the face of the bill. Williams v. Chicago Exhibition Co., 188 Ill. 19, and authorities there cited. Adams v. Oberndorf, 121 Ill. App. 497.

It follows that the Circuit Court committed no error in overruling the motion to dissolve the injunction. The order is, therefore, affirmed.

*Order affirmed.*