## The People of the State of Illinois, by Rufus M. Potts, Appellee, v. Continental Beneficial Association et al., Appellants.

## Gen No. 23,043.

1. ATTORNEY GENERAL, § 1*—*what is nature of office and power of Attorney General.* The Attorney General, by virtue of the common law and statutory powers of his office, is the legal representative of the State and may institute proceedings in behalf of the State in any case where it has a substantial interest.

2. INSURANCE—*who may institute suit on behalf of State.* Since the creation of the State insurance department in 1893, suits on behalf of the State in reference to insurance are instituted by the superintendent of insurance instead of by the Attorney General.

3. INSURANCE, § 1*—*what is nature of business of.* The business of insurance is impressed with a public interest, and is subject to proper regulation under the police power.

4. RECEIVERS, § 56*—*when receiver may be appointed for foreign corporation.* The courts of one State may appoint a receiver in a proper case for property located in such State belonging to a foreign beneficial fraternal association, although a receiver for the association has been appointed by the courts of the State of its origin, such appointment being to preserve such property and effects for the benefit of the parties entitled thereto.

5. INSURANCE—*when State superintendent of insurance may file information in equity.* The State superintendent of insurance is authorized to file an information in equity to enjoin a foreign beneficial fraternal association from removing its assets from the State and for the appointment of a receiver for such assets where the association has become insolvent, has ceased to do business in the State, and is removing its assets therefrom.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

502        Appellate Courts of Illinois.

The People v. Continental Beneficial Ass'n, 204 Ill. App. 501.

6. Equity, § 355*—*what motion to dismiss bill treated as demurrer.* Where the defendant filed appearance after entry of an order appointing a receiver and issuing an injunction on an information in equity against a foreign fraternal benefit association, and moved to dismiss the injunction on the face of the bill, *held* that such motion would be equivalent to a demurrer to the bill and would waive any error or irregularity in failing to give notice of the appointment of a receiver as required by section 12 of the Fraternal Insurance Act (J. & A. ¶ 6659).

Taylor, J., dissenting.

Interlocutory appeal from the Superior Court of Cook county; the Hon. Denis E. Sullivan, Judge, presiding. Heard in the Branch Appellate Court. Affirmed. Opinion filed March 28, 1917.

David K. Tone, for appellants.

Edward J. Brundage, Church, Shepard & Day and Ryan, Condon & Livingston, for appellee; Clyde L. Day and Bernard W. Vinissky, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

This is an appeal from an interlocutory order for a writ of injunction to restrain the defendants from removing, carrying away, or disposing of its property located in this State until the further order of court, and appointing a receiver to take charge of the same.

An information in equity was filed by the People on behalf of Rufus M. Potts, insurance superintendent of Illinois. The matter came on for hearing on the face of the information and affidavits in support thereof. The defendants make no point in their argument as to the sufficiency of the allegations of the information, but contend that in no case can a receiver of the property of foreign fraternal association be appointed at the suit of the insurance superintendent. It appears that the Continental Beneficial Association is a beneficial fraternal association, incorporated under

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the laws of Pennsylvania, for the purpose of effecting life and accident insurance, and was licensed to do business in this State in 1912; that thereupon it immediately began to transact business in this State and continued to do so until shortly before the filing of the information; that it had a membership of about 12,000, many of whom were residents of this State; that at the time it was licensed to do business in Illinois its assets exceeded its liabilities by more than $75,000; that since that time, because of mismanagement and waste, it became and is absolutely insolvent; that the insurance department of this State had received a large number of complaints from insurance superintendents and insurance commissioners of other States and from claimants under policies, and others, concerning the method pursued by it in the conduct of its business; that the insurance superintendent of this State informed the association that unless it changed the manner in which it made settlements, he would be compelled to cancel its license, and thereupon he was informed by the association that it had passed a resolution withdrawing from business in this State; that because of such action of the association in proceeding to withdraw from this State the insurance superintendent was refused permission to examine into its records; that thereupon, under the express directions from the insurance superintendent of Pennsylvania, the insurance superintendent of this State was authorized to act with and for the Pennsylvania examiners in looking into the affairs of the association; that such examination was made and a report submitted to the insurance department of this State; that immediately thereafter the association proceeded to spirit away most of its tangible assets located in this State, and thereupon the information was filed to enjoin the removal of its property and for the appointment of a receiver to take charge of the same until the matter could be investigated.

504     APPELLATE COURTS OF ILLINOIS.

The People v. Continental Beneficial Ass'n, 204 Ill. App. 501.

The only complaint made is that the court had no jurisdiction to appoint a receiver. The question, therefore, to be decided is whether a receiver may be appointed at the suit of the People on the relation of the insurance superintendent, of property located in this State, and belonging to a foreign fraternal benefit association. Counsel for both parties have argued as though this case were brought under the provisions of section 12 of the Act concerning fraternal insurance societies (Rev. St. 1913, p. 1461, J. & A. ¶ 6659), which provides, among other things, that a fraternal insurance society doing business in this State in violation of law may be enjoined from further conducting its business.

The defendants contend that, while this section authorized the issuance of an injunction prohibiting a foreign fraternal insurance society from continuing to do business in this State, yet it does not authorize the appointment of a receiver; that in the body of said section no authority is given for the appointment of a receiver, but that the only mention of a receiver is made in a proviso to the section; that under an elementary rule of construction, the function of a proviso is not to enlarge the authority granted in the body of the section, but is to qualify and limit such authority. There can be no question but this is the correct rule of construction. Section 12 authorizes an injunction to restrain an insurance society from doing business at the suit of the insurance superintendent when the business is conducted contrary to law, and contains the following proviso: *"Provided, however,* that no injunction against any society within this State, or application for or appointment of a receiver, or action to prevent any such society from carrying on business in this State shall be made or granted by any court, except on the application of the insurance superintendent or of a judgment creditor," upon

proper notice.  It is insisted that this proviso does not authorize the appointment of a receiver; that there is no statute which authorizes such appointment, and that there is no inherent power in a court of equity, at the suit of the Attorney General or insurance superintendent, to make such appointment, and therefore the appointment of a receiver in this case is without authority and void.

The Attorney General, by virtue of the common law and statutory powers of his office, is the legal representative of the State, and may institute proceedings in behalf of the State in any case where it has a substantial interest.  In 1893, the Legislature created the insurance department of the State of Illinois, and the office of insurance superintendent, and suits on behalf of the State in reference to insurance, which theretofore were brought by the Attorney General, are now instituted by the insurance superintendent.  *North American Ins. Co. v. Yates*, 214 Ill. 272.  The question then is, is there such a public interest in this case as would authorize the insurance superintendent to file the information?

In *Attorney General v. Chicago & N. W. Ry. Co.*, 35 Wis. 425, the right of the Attorney General to file an information in chancery enjoining the collection of excessive railroad rates was upheld.  In discussing the question now under consideration the court said, p. 533: ''In such cases, public wrong may be considered only as an aggregation of private wrongs.  And, the jurisdiction once established to enjoin private wrong, in each case, at the suit of the person wronged, it is almost a logical necessity to admit the other branch of the jurisdiction, to enjoin, at the suit of the State, such a general wrong, common to the whole public, as interests the State, and could be remedied by private persons by a vast multitude of suits only, burthensome to each and impracticable for every num-

ber; more conveniently, effectively and properly represented by the Attorney General as *parens patriæ.*"

In the *Yates* case, *supra,* it was held that the business of insurance is a public necessity, stamped with a public interest and subject to proper regulations under the police power. The court there said, p. 275: "The business of insurance is the outgrowth of time and the demands and necessities of the public. It extends into and covers almost every branch of business and all the relations of life, and is applied to all the hazards of business in life where a basis of risk and compensation can be estimated. In all the stages of life, from the cradle to the grave, it asserts an interest and offers succor and aid. In the business enterprises, whether by land or sea; in the possessions of men, from a pane of glass to the mansion or the factory; in his undertakings involving every chance, misfortune, moral turpitude or the act of God, it demands admission and promises indemnity, reward or gain. It poses as the faithful and zealous trustees of his earnings and savings, and promises to the widow and orphan a guaranty against misery and want. It intercedes between principal and agent, master and servant, contractor and owner, and insures against loss from almost any and every cause. It is a public necessity that deals in its own credit for a cash consideration from the assured, and is stamped with public interest, and must yield obedience to necessary and proper regulations by the State in the exercise of its police power."

From the foregoing it clearly appears that the business of insurance is impressed with a public interest, and therefore suits for the regulation of such business are now properly prosecuted by the insurance superintendent.

It has been firmly established that the courts of one State may appoint a receiver in a proper case for

property located in such State, but belonging to a foreign corporation, this too, although a receiver of the corporation had been appointed by the courts of the State of its origin; that the object of appointing a receiver of a foreign corporation is to preserve its property and effects for the benefit of parties entitled thereto. *Holbrook v. Ford,* 153 Ill. 633.

In *Blake v. McClung,* 172 U. S. 239, the court held that a State may take possession of the assets of an insolvent foreign corporation within its limits and distribute them among parties entitled thereto, so that its own citizens might not be unjustly discriminated against by reason of the administration in other States of the assets of the insolvent corporation.

In the case of *Popper v. Supreme Council,* 61 N. Y. App. Div. 405, 70 N. Y. Supp. 637, the appointment of a receiver of the property of a foreign fraternal beneficial association was upheld. To the same effect are *Reusens v. Manufacturing & Selling Co. of America,* 99 N. Y. App. Div. 214, 90 N. Y. Supp. 1010; *Shinney v. North American Savings, Loan & Building Co.,* 97 Fed. 9; *Security Savings & Loan Ass'n v. Moore,* 151 Ind. 174.

In the *Shinney* case, *supra,* the court said: "That a general power exists to appoint a receiver of the assets of a foreign corporation within the jurisdiction of the court appointing is well settled."

In the *Moore* case, *supra,* where it appeared that the company, a Minnesota corporation, was insolvent and a receiver had there been appointed and that he was removing the assets of the company, which were located in Indiana, the right of the Indiana court to appoint a receiver of the assets within that State was upheld. The court there said: "It is true, there may be a possibility, or even a probability, that the affairs of the insolvent association might be settled to the best interests of all stockholders and creditors by the

508     APPELLATE COURTS OF ILLINOIS.

The People v. Continental Beneficial Ass'n, 204 Ill. App. 501.

home receiver alone, rather than by the action of separate receivers in the several States where the association has assets. * * * That, however, is a question to be decided on the mature judgment of the trial court, when all the facts become known. If it is found to be more equitable, in the end, and not against the interests of appellee and other residents of Indiana, that all assets in this State should be placed in the hands of the home receiver, appointed in Minnesota, no doubt that course will be taken. Nevertheless, the mere circumstance that there is a receiver in another State does not make it improper to appoint a receiver here. * * * 'The principle upon which the decisions rest is, that it is the policy of every government to retain within its control the property of a foreign debtor until all domestic claims have been satisfied.' ''

In *Edwards v. Schillinger,* 245 Ill. 231, it was held that the courts of one State had no power to dissolve a foreign corporation, or wind up its affairs, but that where local assets are trust funds for the shareholders and creditors, such funds will be administered by the domestic courts, and that, ''It is the duty of a State to keep the local assets for the satisfaction, in the first instance, of local claims.''

In 2 Bacon on Life and Accident Insurance, p. 1614, it is said: ''It has been said that a fraternal beneficiary association is in the nature of a trust and a court of equity in the case of insolvency, or where the business is impracticable, may appoint a receiver.''

From the foregoing, we are clearly of the opinion that the business of the defendant was impressed with such a public interest as to authorize the insurance superintendent to file an information in equity; that the court of this State may appoint a receiver of the assets, located in this State, of a foreign fraternal association; that the funds of such association are in the nature of trust funds, and that as the defendant

association was insolvent, had ceased to do business in this State, and was spiriting away its assets, the court was warranted in appointing a receiver over the local assets, and as was said in the *Moore* case, *supra,* final disposition of the assets may hereafter be determined by the trial court.

We do not wish to be understood as passing on the sufficiency of the allegations of the information, as that question has not been argued by either party.

Complaint is also made that the order appointing a receiver is invalid, for the reason that it was entered without notice to the defendant, contrary to section 12. After the order was entered, defendant association filed its appearance and moved the court to dissolve the injunction on the face of the bill. Such motion is equivalent to a demurrer to the information, and any error or irregularity in failing to give notice was waived. *Grand Opera House Co. v. Ripley,* 166 Ill. App. 170. *Williams v. Chicago Exhibition Co.,* 188 Ill. 19.

The order appointing a receiver is correct, and it is affirmed.

*Affirmed.*

MR. JUSTICE TAYLOR dissenting.