**The People of the State of Illinois ex rel. Rufus M. Potts, etc., and United States Fidelity & Guaranty Company, Appellees, v. Continental Beneficial Association, Adelaide Weiger, Clara Weiger and David Phillips, as Receiver, Appellants.**

**Gen. No. 23,989.**

1. INSURANCE, § 737*—*when appointment of receiver to take charge of local assets of foreign fraternal association is proper.* Where a foreign fraternal association licensed to do business in the State is conducting its business in violation of the law, making worthless the rights of members who are citizens of the State, and is spiriting away its assets, the Attorney General, through the Insurance Superintendent, has the right to apply to the courts to have the local assets sequestered and the association enjoined from conducting further its illegal business in the State, and, to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The People v. Continental Beneficial Assn., 212 Ill. App. 422.

effectually accomplish this, the appointment of a receiver is proper.

2. APPEAL AND ERROR, § 1733*—*when decision on former appeal is law of case.* The decision on a former appeal, that the appointment of a receiver to take charge of the local assets of a foreign fraternal association doing business in the State was proper, is the law of the case on the second appeal.

3. INSURANCE, § 737*—*when intervention by judgment creditor in suit to enjoin dissipation of local assets of foreign association and for appointment of receiver unnecessary.* A suit to enjoin a foreign insurance association licensed to do business in the State from dissipating its local assets, to restrain it from carrying on business in the State and for the appointment of a receiver, which was brought by the People, on the relation of the Insurance Superintendent, was sufficient to take care of all of the interests of all parties, and it was unnecessary that a fidelity and guaranty company, which was the assignee of two judgments against the association, intervene to have its rights protected, but such intervention was not prejudicial error.

4. INSURANCE, § 737*—*what does not affect power of local court to appoint receiver of local assets of foreign association.* The power of a court of the State to appoint a receiver of the local assets of a foreign insurance association licensed to do business in the State was not affected by the subsequent appointment of a receiver by the courts of the State in which the corporation was incorporated.

5. INSURANCE, § 737*—*what are rights of domestic and foreign receivers as to administering of local assets.* Where a receiver is appointed by the courts of the State to take charge of the local assets of a foreign insurance association licensed to do business in the State, such assets may be administered among the persons equitably entitled thereto without turning them over to a receiver subsequently appointed by the courts of the foreign State in which the association was incorporated.

6. APPEAL AND ERROR, § 365*—*when point not advanced before chancellor not considered on appeal.* The contention that the local assets of a foreign insurance association licensed to do business in the State should not be administered by the local receiver, but by the subsequently appointed receiver in the foreign State in which the association was incorporated, cannot be advanced on appeal where not made before the chancellor.

Appeal from the Superior Court of Cook county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in the Branch Appellate Court at the June term, 1917. Affirmed. Opinion filed November 6, 1918.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

DAVID K. TONE, for appellants.

E. J. BRUNDAGE, CHURCH, SHEPARD & DAY and RYAN, CONDON & LIVINGSTON, for appellees; IRVIN I. LIVINGSTON, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

The decree sought to be reversed by this appeal perpetually enjoined the Continental Beneficial Association from carrying on or conducting any business in this State, and made permanent the interlocutory decree enjoining the association from removing, carrying away or disposing of its property located here. It also confirmed the appointment of the Chicago Title & Trust Company as receiver of the assets of the association located in this State, and continued the appointment of such receiver with power to receive any and all assets, to marshal and distribute them under the directions of the court among the creditors of the association within this State, and among such other persons as might be entitled to share in the same, according to their respective rights. The decree also made permanent a temporary order for injunction restraining Adelaide Weiger, Clara Weiger and David Phillips, as receiver, from prosecuting a suit instituted by them in the Circuit Court of Cook county.

The record discloses that after the interlocutory order for the writ of injunction restraining the association from removing, carrying away or disposing of its property located in this State, and appointing a receiver, was entered, an appeal was taken to this court, where upon consideration the order was affirmed. *People v. Continental Beneficial Ass'n*, 204 Ill. App. 501. Afterwards an amended and supplemental bill was filed, to which the association filed an answer. There was a hearing upon the merits in open court, and the decree appealed from entered.

The association is a beneficial fraternal association, incorporated under the laws of Pennsylvania, for the purpose of effecting beneficial life insurance, and was licensed to do business in this State in 1912. It proceeded to do business and had a membership of about 12,000, many of whom were residents of this State, but by reason of gross mismanagement of its affairs it became insolvent. Other facts appear in the former opinion of this court, which are unnecessary to be set forth here.

The defendants contend that the Superior Court of Cook county was without jurisdiction to appoint the receiver of the local assets of the association, for the reason that the Attorney General has no authority, either at common law or by virtue of the statute of this State, to maintain such a suit. We think it clear that where a foreign fraternal association licensed to do business in this State is conducting its business in violation of the law, making worthless the rights of members who are citizens of this State, and is spiriting away its assets, the Attorney General through the Insurance Superintendent has the right, and it is his duty, to apply to the courts, as was done in this case, to have the local assets sequestered, and the association enjoined from conducting further its illegal business in this State. This cannot be effectually accomplished without the appointment of a receiver, and therefore the court rightfully appointed the receiver. This is what we held on the former appeal, and of course it is the law of this case in this court.

It is also contended that the decree is wrong and should be reversed for the reason that there is a misjoinder of parties complainant. The suit was brought by the People on the relation of the Insurance Superintendent, on behalf of the State and all others entitled to join. Afterwards, by leave of court, the United States Fidelity & Guaranty Company intervened as a complainant. This company was the as-

signee of two judgments against the association. We think the suit as brought by the People was sufficient to take care of the interests of all parties, and that it was unnecessary for the United States Fidelity & Guaranty Company to intervene to have its rights protected, but the intervention in no way prejudiced the rights of the defendant.

After the receiver was appointed in the instant case, proceedings were instituted in Pennsylvania to wind up the corporation, and a receiver was there appointed. Subsequently the receiver brought suit in the Circuit Court of Cook county, asking that he be appointed ancillary receiver. The prosecution of that suit was enjoined by the decree in the instant case.

It is contended that the assets here should have been turned over to the Pennsylvania receiver. The power of the Superior Court to appoint a receiver was in no way affected by the appointment of the receiver by the Pennsylvania court, and, under the facts, we think the Superior Court was warranted in administering the Illinois assets among the persons equitably entitled thereto. Moreover, so far as the record discloses, no suggestion was made to the chancellor that the assets should be administered as defendants now contend.

The decree of the Superior Court of Cook county is affirmed.

*Affirmed.*