(No. 12600.—Judgment affirmed.)

THE PEOPLE *ex rel.* Rufus M. Potts *et al.* Defendants in
Error, *vs.* THE CONTINENTAL BENEFICIAL ASSOCIA-
TION *et al.* Plaintiffs in Error.

*Opinion filed June 18, 1919—Rehearing denied October 9, 1919.*

1. STATUTES—*when proviso may be given effect as an independ-
ent enactment.* While it is a general rule of statutory construction
that the office of a proviso is not to enlarge but to limit and qual-
ify what is affirmed in the body of the act preceding it, yet where
it is apparent from the entire act that the proviso was intended as
an independent provision it will be given such effect without ref-
erence to the limitations of the preceding enactment.

2. BENEFIT SOCIETIES—*when receiver may be appointed to pro-
tect assets of foreign corporation.* As the business of beneficial
insurance societies is affected with a public interest their assets and
property are regarded as in the nature of. trust funds, and the
power to appoint a receiver inheres in courts of equity to protect
the property of a foreign corporation of that character within their
jurisdiction from misuse, misapplication or removal from the State
when necessary to secure rights and prevent a failure of justice,
although the courts in the home State of the corporation have al-
ready placed its affairs in the hands of a receiver.

3. SAME—*court appointing receiver of property of foreign cor-
poration may retain jurisdiction to determine rights of individual
creditors.* Where a court of equity appoints a receiver to collect
the assets of a foreign benefit association which has become in-
solvent, it may retain jurisdiction of the case for determination
of the rights of individual creditors when the assets are collected
and ready for distribution.

WRIT OF ERROR to the Second Branch Appellate Court
for the First District;—heard in that court on appeal from
the Superior Court of Cook county; the Hon. AUGUSTUS
A. PARTLOW, Judge, presiding.

DAVID K. TONE, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, RYAN, CON-
DON & LIVINGSTON, and CHURCH, SHEPARD & DAY, (IRVIN
I. LIVINGSTON, and CLYDE L. DAY, of counsel,) for defend-
ants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

On November 17, 1916, the Attorney General of Illinois filed a bill in the superior court of Cook county in the name of the People, on the relation of Rufus M. Potts, Superintendent of Insurance, against the Continental Beneficial Association of Philadelphia, a corporation organized under the laws of the State of Pennsylvania, and its officers, praying that they be enjoined from disposing of or removing from this State any assets of the corporation, (referred to hereafter as the association,) and also praying the appointment of a receiver to take possession and management of the property of the association in this State. The bill alleged the association had obtained a license in 1912 to do business in the State of Illinois; that through mismanagement, extravagance and waste the association had become hopelessly insolvent and its liabilities far exceeded its available assets; that the association had a membership of about 12,000, many of whom were residents of the State of Illinois, holding policies issued to such respective members or re-insurance contracts. On the same day the bill was filed a preliminary injunction was ordered issued, restraining the association from removing or disposing of its assets in this State and appointing the Chicago Title and Trust Company receiver *pendente lite,* with the usual powers of receivers. Defendants appealed from this interlocutory order to the Appellate Court for the First District. That court affirmed the interlocutory decree. *People* v. *Continental Beneficial Ass'n,* 204 Ill. App. 501..

On the 28th of November, 1916, the president of the association filed a bill in the court of common pleas for the county of Philadelphia, in the State of Pennsylvania, alleging the association was insolvent and unable to continue business; that the directors' had passed a resolution authorizing the president to apply for the appointment of a receiver and for the dissolution of the corporation on account of its insolvency. David Phillips was appointed receiver in said suit, as prayed in the bill.

On the 5th day of December, 1916, David Phillips, the Pennsylvania receiver, Adelaide Weiger and Clara Weiger, beneficiaries of a deceased policyholder of the association, filed a bill in the circuit court of Cook county, on behalf of themselves and all other creditors, members and certificate holders, against the association and the Fort Dearborn National Bank, as depository of the moneys of the association, alleging the association was incorporated under the laws of Pennsylvania as a fraternal insurance society; that it had engaged in the fraternal insurance business in Pennsylvania and various other States, including Illinois; that the association was insolvent and unable to pay its liabilities and continue business. The bill alleged that at the suit authorized by the directors in the State of Pennsylvania for the appointment of a receiver and the dissolution of the corporation David Phillips was appointed by said court receiver of the association; that he qualified as such and ever since has been, and is, acting as receiver; that Adelaide Weiger and Clara Weiger are the beneficiaries of a deceased policyholder and each entitled to benefits in the sum of $330.66. The bill prayed the appointment of an ancillary receiver to take charge of the property of the association situated in the State of Illinois, wind up the business of the association in this State, and distribute, as directed by the court, the assets and property. The association answered this bill the same day it was filed, admitting its allegations and joining in the prayer for the appointment of an ancillary receiver.

On the 6th day of December, 1916, the People, on the relation of Rufus M. Potts, insurance superintendent, by the Attorney General, filed an amended supplemental bill, alleging the proceedings in Pennsylvania for the dissolution of the corporation and the appointment of David Phillips, receiver, there. The bill alleged said receiver was attempting to collect and remove from the State of Illinois the association's assets and property, and prayed he be enjoined

from doing business in Illinois and from interfering with the action of the Chicago Title and Trust Company, receiver, in the collection and distribution of the assets of the association in Illinois, and that all orders previously entered in the proceeding be confirmed and made permanent. The answer to the amended supplemental bill, among other things, denied the jurisdiction of the court to entertain the bill, and denied the right of the Attorney General, on behalf of the People, to file a bill for the purposes for which the amended supplemental bill was filed in the courts of this State. The answer further denied that the proposed withdrawal of assets and property of the association from this State was for the purpose of defrauding anyone, and averred the proposed withdrawal was pursuant to a resolution of the board of trustees of the association that such withdrawal was for the best interests of the association.

On the same day the amended supplemental bill was filed the court entered an order enjoining Phillips, receiver, and the Weigers, their agents and attorneys, from prosecuting their suit until the further order of the court. The final decree enjoins the association from transacting any further business in Illinois, and orders its assets in this State to be collected and conserved by the receiver appointed in this State, the Chicago Title and Trust Company, for distribution under the order of the court, and further decrees that all orders before entered be and they are confirmed and made permanent. The Appellate Court affirmed the decree, and this court having granted a petition for a writ of *certiorari* the cause comes here for review.

Plaintiffs in error contend that the Attorney General had no authority, at common law or under the statutes of Illinois, to institute the suit for the appointment of a receiver of a foreign corporation; that the courts of Pennsylvania had exclusive jurisdiction to dissolve the corporation and distribute its assets among its creditors. It is further plaintiffs in error's contention that when Phillips,

the receiver appointed by the Pennsylvania court, filed his bill in the circuit court of Cook county praying the appointment of an ancillary receiver and that court acquired jurisdiction of the association, no other court could supplant the jurisdiction thus acquired; that Phillips had the exclusive right to collect and distribute the corporation's assets among its creditors, and to that end he had power to maintain suits in all States where it had property, and to secure the appointment of ancillary receivers in foreign States to collect assets there situated and transmit them to the domicile of the corporation for distribution. It is argued that as the courts of one State have no power to dissolve a corporation organized under the laws of another State, no suit can be maintained in the name of the people of the State to appoint a receiver of the property of a foreign corporation situated in this State and no such power is conferred by statute.

The act concerning corporations of the character of the plaintiff in error association, prior to the act of 1893, authorized the Auditor of Public Accounts, (now the Superintendent of Insurance,) when he had reason to doubt the solvency of any foreign corporation, association or society, to report the same to the Attorney General, who would thereupon commence proceedings by *quo warranto* against such corporation, requiring it to show cause why its license to do business in the State should not be revoked. Section 12 of the act of 1895 (Hurd's Stat. 1917, p. 1759,) provides that the books, papers and vouchers of all corporations to which the act applies shall be subject to visitation and inspection by the insurance superintendent, and the officers of the corporation are required to answer, under oath, inquiries made by said insurance superintendent and to make annual reports, and for neglect or refusal to do so the corporation shall be excluded from doing business in this State. Said section further provides that if the corporation shall exceed its powers and shall fail to comply

with other requirements mentioned, the insurance superintendent shall cause to be commenced an action against the society to enjoin it from carrying on business, *"Provided, however,* that no injunction against any society within this State, or application for or appointment of a receiver, or action to prevent any such society from carrying on business in this State shall be made or granted by any court, except on the application of the insurance superintendent or of a judgment creditor, and after written notice duly made and served upon the chief executive officer of such society within this State, or if incorporated under the laws of another State then such notice may be served by sending the same to the president or secretary of the society by registered mail at the home office of the society, and a full hearing before such court, whether the party seeking such relief be the State, member of such society or any other person whatsoever."

It is insisted that the office of a proviso is not to enlarge but to limit and qualify what is affirmed in the body of the act preceding it, and this is a general rule of statutory construction; but it has been held that "to this rule of construction, however, there is an exception, which is, that where it plainly appears from a consideration of the entire act that the provision considered was intended by the legislature as an independent enactment, it may be so given effect without reference to the limitations of the preceding portions of the section to which it is apparently a proviso." (*Hackett* v. *Chicago City Railway Co.* 235 Ill. 116, and cases there cited.) It seems evident from reading section 12 that the proviso quoted was not intended to limit the scope of the enactment preceding it. Its language could perform no such office. No mention is made, preceding it, of the appointment of a receiver, and the words of the proviso that no receiver should be appointed in such suit except under the conditions prescribed can only mean, as we understand it, that the legislature assumed or had in mind that courts

of equity had jurisdiction to appoint receivers in such cases, and what was intended by the proviso was to define under what conditions the appointment should be made.

The numerous statutes on the subject show a policy of the State to regulate insurance companies doing business in this State, foreign and domestic, for the protection of the citizens of this State. The business of beneficial insurance societies is affected with a public interest, (*North American Ins. Co. v. Yates,* 214 Ill. 272; *Stockton* v. *Central Railroad Co.* 50 N. J. Eq. 80;) and their assets and property are regarded in the nature of trust funds, and the power to appoint a receiver inheres in courts of equity to protect the property within the jurisdiction from misuse, misapplication or removal from the State when necessary to secure rights and prevent a failure of justice. There are abundant authorities holding that while the courts of one State have no power to dissolve a corporation organized under the laws of another State or to appoint a receiver of a foreign corporation, yet courts of equity having power to issue injunctions to prevent the dissipation and misapplication of corporate assets within the jurisdiction have also power to make the remedy effective by appointing a receiver of assets and property of the corporation within the State and require a just and equitable distribution thereof among the creditors and persons entitled thereto. 2 Bacon on Life and Accident Ins. sec. 657; 12 R. C. L. 106; 3 Cook on Corp. sec. 871; 5 Thompson on Corp.—2d ed.—par. 6332; 34 Cyc. 23; 5 Pomeroy's Eq. Jur. 116; *Blake* v. *McClung,* 172 U. S. 239; *Piltz* v. *Supreme Chamber,* 19 Atl. Rep. (N. J.) 668; *Popper* v. *Supreme Council,* 70 N. Y. Supp. 637; *Murray* v. *Vanderbilt,* 39 Barb. 140; *Culver Lumber Co.* v. *Culver,* 81 Ark. 102; note to *Babcock* v. *Farwell,* 19 Am. & Eng. Ann. Cas. 91.

It is pointed out in the authorities cited, or some of them, that there is a radical distinction between the appointment of a receiver of the assets and property of a foreign

corporation within a State for the purpose of preserving it for and distributing it among the persons entitled to it, and the appointment of a receiver of the corporation, and it is held the courts of one State may appoint a receiver of the property in that State notwithstanding the appointment of a receiver at the domicile of the corporation.    (34 Cyc. 98;  12 R. C. L. 106; *Stamm* v. *Northwestern Mutual Benefit Ass'n,* 65 Mich. 317;  *Lehr* v. *Murphy,* 136 Wis. 92; *Fawcett* v. *Iron Hall,* 64 Conn. 170;  *Security Savings and Loan Ass'n* v. *Moore,* 151 Ind. 174.)    In the Indiana case a receiver was appointed in that State of the property in Indiana of a Minnesota corporation.    A receiver of the corporation had been appointed in Minnesota.    This was shown to the Indiana court in support of a motion to vacate the appointment in that State.    The court said:  "It is true there may be a possibility, or even a probability, that the affairs of the insolvent association might be settled to the best interests of all stockholders and creditors by the home receiver, alone, rather than by the action of separate receivers in the several States where the association has assets.    (*Cowen* v. *Failey,* 149 Ind. 382;  49 N. E. 270.) That, however, is a question to be decided on the mature judgment of the trial court when all the facts become known.    If it is found to be more equitable in the end, and not against the interests of appellee and other residents of Indiana, that all assets in this State should be placed in the hands of the home receiver, appointed in Minnesota, no doubt that course will be taken.    Nevertheless, the mere circumstance that there is a receiver in another State does not make it improper to appoint a receiver here."    In *Holbrook* v. *Ford,* 153 Ill. 633, this court held a court in this State may appoint a receiver of the property of a foreign corporation situated in this State although the courts in the home State of the corporation may have already placed its affairs in the hands of a receiver, and cited several cases in support of the holding.    In *Edwards* v. *Schil-*

*linger,* 245 Ill. 231, this court said: "The courts of one State have no power to dissolve a foreign corporation and wind up its affairs, but it will retain its legal existence until dissolved by a proceeding in the State which created it. But even in that case, assets which are a trust fund for shareholders and creditors will be administered by the domestic courts where they are found."

The authorities sustain the right of the Attorney General to file the bill and the jurisdiction of the superior court to entertain it, and, if necessary to prevent injustice, to appoint a receiver of the assets and property of the association situated in this State. It is not denied the facts found in the decree justified the action of the court if it had jurisdiction, but the contention is that the court was without jurisdiction to entertain the bill and grant the relief decreed, or that, in any event, when Phillips filed his bill showing his appointment as receiver of the corporation in its home State, it was the duty of the circuit court of Cook county to appoint an ancillary receiver with directions to collect and secure the property of the corporation in this State. The authorities referred to are contrary to these contentions. The decree directed the receiver appointed by the circuit court (the Chicago Title and Trust Company) to collect, marshal and disburse the assets of the corporation in this State, under the directions of the court, "to the creditors of the association within, or who may come within, the association, and among such other persons who may be entitled to share therein according to their respective rights thereunder, for which purpose this court respectfully retains jurisdiction in this cause." It will be seen the rights of the individual creditors were not determined by the decree but were reserved for determination hereafter, when the assets have been collected and are ready for distribution. This the court was authorized to do. *Blake* v. *McClung, supra; Fawcett* v. *Iron Hall, supra; Security Savings and Loan Ass'n* v. *Moore, supra.*

Some other questions not affecting the merits of the case are raised, but in the view we have taken of the case their discussion is not important or necessary to a decision of the case.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*